386 So.2d 618 (1980)
Daniel Michael PRIORI, Appellant,
v.
STATE of Florida, Appellee.
No. MM-346.
District Court of Appeal of Florida, First District.
August 8, 1980.
Norman J. Abood, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Richard W. Prospect, Asst. Atty. Gen., for appellee.
PER CURIAM.
Priori appeals his judgment of conviction for possession of marijuana entered upon his plea of nolo contendere, reserving his right to appeal the trial court's denial of his motion to suppress. Priori presents two grounds for reversal; that the search and seizure of the marijuana was tainted by a prior illegal search occurring earlier the same day; and that Priori's consent to the second search and seizure was invalid. Appellant also complains the trial court erred in refusing to require the prosecutor, Whitley, to testify at the suppression hearing regarding the consent he obtained from Priori at the scene. We decline to rule on the merits of the case at this time because it is doubtful whether Priori has standing to challenge any of the police activity. Priori failed to demonstrate a legitimate expectation of privacy in any of the items or areas searched or seized. Rather, Priori appears to have relied upon the automatic standing concept of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). Subsequent to the filing of the briefs in this cause, Jones was overruled in United States v. Salvucci, ___ U.S. ___, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). See also Rawlings v. Commonwealth of Kentucky, ___ U.S. ___, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). Although the tenor of the proceedings below indicates that Priori will not be able to demonstrate the requisite "legitimate expectation of privacy" in the areas where the marijuana was searched and seized, in an abundance of caution, we think it is appropriate to remand so that Priori will have an opportunity to demonstrate, if he can, that his own Fourth Amendment rights were violated. See United States v. Salvucci, supra; Combs v. United States, 408 U.S. 224 (1972). Reversed and remanded for further proceedings consistent with this opinion.
ERVIN, BOOTH, and LARRY G. SMITH, JJ., concur.