400 So.2d 779 (1981)
Paul B. ST. JOHN, Appellant,
v.
STATE of Florida, Appellee.
No. XX-260.
District Court of Appeal of Florida, First District.
June 9, 1981.
Rehearing Denied July 31, 1981.
Philip G. Butler, Jr., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
St. John appeals his judgment of conviction for possession of cocaine entered upon his plea of nolo contendere, reserving his right to appeal the trial court's denial of his motion to suppress.
St. John contends the search and seizure of cocaine found in codefendant Carl *780 Stone's residence pursuant to a search warrant was tainted by evidence obtained from two prior illegal and warrantless searches of Stone's garbage by police upon which the issuance of the search warrant for Stone's residence was based. In his motion to suppress below, St. John adopted Stone's motion to suppress in reliance upon the automatic standing concept of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). However, on the same day as the suppression hearing below, the automatic standing concept was overturned in United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). Also see, Rawlings v. Commonwealth of Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). Relying upon Salvucci, supra, the State, on appeal, argues that St. John had no legitimate expectation of privacy in Stone's garbage and therefore lacked standing to contest the seizure of cocaine. St. John responds that the question of standing was not presented to the trial court by the State at the hearing on the motion to suppress and has therefore been waived.
We first conclude the State has not waived its objection that St. John lacked standing to contest the illegal search of codefendant Stone's garbage which ultimately led to the seizure of cocaine. Coster v. State, 392 So.2d 16 (Fla. 3d DCA 1981). The analysis of the question of whether the contested search or seizure violated the Fourth Amendment rights of a defendant who seeks to exclude the evidence obtained by the search now comes under the heading of substantive Fourth Amendment doctrine rather than the heading of standing. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). After Rakas, supra, discarded reliance on the concepts of standing in determining whether a defendant is entitled to claim the protections of the exclusionary rule, the proper judicial inquiry is simply whether the defendant's rights were violated by the allegedly illegal search or seizure. United States v. Salvucci, supra, 448 U.S. at 87, note 4, 100 S.Ct. at 2550, note 4, 65 L.Ed.2d at 625, note 4. In order to have the evidence of an alleged illegal search or seizure suppressed, it must be shown that government officials have violated a legitimate expectation of privacy held by the defendant. Rawlings v. Kentucky, supra. Consequently, since the question of standing is no longer distinct from substantive Fourth Amendment issues, it was not waived by the State's failure to object on that ground at the hearing on St. John's motion to suppress.
Because we must inquire into the findings of the trial court as to whether St. John had a legitimate expectation of privacy in the items or areas searched or seized, this case is not yet ripe for decision on the correctness of the denial of the motion to suppress. No evidence was presented and no inquiry was made by the trial court as to whether St. John, as opposed to Stone, had a legitimate expectation of privacy in those items or areas searched or seized. Therefore, we must necessarily relinquish this case to the trial court to allow St. John the opportunity to demonstrate, if he can, that his own Fourth Amendment rights were violated. Priori v. State, 386 So.2d 618 (Fla. 1st DCA 1980); Coster v. State, 392 So.2d 16 (Fla. 3d DCA 1981).
Accordingly, this case is remanded to enable the trial court to determine whether St. John had a legitimate expectation of privacy in those items or areas searched or seized.
REVERSED and REMANDED.
WENTWORTH, J., and LILES, WOODIE A. (Ret.), Associate Judge, concur.