790 So.2d 555 (2001)
FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES; and Terry L. Rhodes, Commissioner of Agriculture and Consumer Services, Appellants,
v.
MIAMI-DADE COUNTY, a political subdivision of the State of Florida and the City of North Miami, a Florida municipal corporation, et al., Appellees.
Nos. 3D01-1151, 3D01-1098, 3D01-1208.
District Court of Appeal of Florida, Third District.
July 20, 2001.
Rehearing Denied August 20, 2001.
*556 Adorno & Zeder, P.A., and Wesley R. Parsons, and Raoul G. Cantero, III, and Jack R. Reiter, Miami, for appellant.
Robert A. Ginsburg, Miami-Dade County Attorney and Robert A. Duvall, Assistant County Attorney; John C. Dellagloria, City Attorney; Nagin Gallop Figueredo, P.A., and Earl G. Gallop, and Eve A. Boutsis, Miami, for appellees.
Before SCHWARTZ, C.J., and COPE, and GREEN, JJ.
GREEN, J.
The Department of Agriculture and Consumer Services ("Department") appeals from two orders temporarily enjoining it from continuing its citrus canker eradication program ("CCEP"). The appellees have cross-appealed the trial court's determination that the Department has probable cause for the issuance of future search warrants to implement its program. We conclude that the appellees lack standing to pursue this action and, accordingly, reverse the two temporary injunctions. As a result, the issue raised on the cross-appeal is moot.
Separate actions were brought by Miami-Dade County ("County") and by the City of North Miami ("City")[1], seeking declaratory judgments as to the constitutionality of the Department's rules, regulations, policies, interpretations and enforcement methods of the CCEP. In addition, the County challenged the constitutionality of section 581.031(15)(a), Florida Statutes (2000) which grants the Department the power:
[t]o inspect plants, plant products, or other things and substances that may be *557 capable of disseminating or carrying plant pests, noxious weeds, or arthropods, and for this purpose shall have power to enter into or upon any place and to open any bundle, package, or other container containing, or thought to contain, such material, and to take possession of such material if determined by the department to pose a threat to the agricultural or public interests of the state. [emphasis added].
The County claimed that the statute's omission of a search warrant requirement violates Article I, section 12 of the Florida Constitution and the Fourth Amendment of the United States Constitution. See Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967).
Thereafter, the County filed a motion for preliminary injunction which was based solely on its constitutional challenge of section 581.031(15)(a). The City also moved for a preliminary injunction, adopting the grounds raised by the County.
The Department challenged the standing of the County and City to attack the constitutionality of the statute. The County argued that its standing was based upon its statutory duty to assist the Department enforcing the CCEP[2]a duty that might subject it to future civil rights and trespass liability by affected property owners. Although the City neither has a statutory duty to assist the Department nor has the Department requested any such assistance, the City could be called upon to assist the County pursuant to an intergovernmental agreement with the County. Hence, because the County could call upon the City to provide police assistance, the City similarly argued that it faced potential liability.
Finding that both the County and City had standing to pursue this action, the trial court granted each parties' motion for preliminary injunction.[3] Thereafter, the court found section 581.031(15)(a), Florida Statutes (2000) to be unconstitutional only to the extent that a warrant is not required for non-consensual searches. To the extent that a warrant is in fact obtained, the court found the statute to be constitutional. The court sua sponte added, that in the case of the CCEP, it is self-evident and clearly perfunctory that probable cause to issue a warrant must exist and, therefore, Department officials would not need to show the same kind of proof to a magistrate as is required to justify "probable cause" in a criminal investigation.
The Department now appeals the orders granting injunctive relief. The County and City have cross-appealed the trial court's gratuitous determination as to probable cause. We have consolidated these cases for appellate purposes.
Initially, the Department argues that neither the County nor City has standing to bring an action challenging the *558 constitutionality of section 581.031(15)(a). We agree. In Florida, it is clear that "[s]tate officers and agencies must presume legislation affecting their duties to be valid, and do not have standing to initiate litigation for the purpose of determining otherwise. (emphasis added)" Department of Educ. v. Lewis, 416 So.2d 455, 458 (Fla. 1982). Moreover and equally important, neither the County nor City have standing to assert the Fourth Amendment rights of individual property owners. See United States v. Cooper, 203 F.3d 1279, 1284 (11th Cir.2000) (noting that Fourth Amendment rights "are personal, and only individuals who actually enjoy the reasonable expectation of privacy have standing to challenge the validity of a government search."). See also Chiles v. Thornburgh, 865 F.2d 1197, 1204 (11th Cir.1989) (stating that a plaintiff must "assert his own rights and not the rights of third parties[.]").
The County and City respond that the threat of civil liability gives them standing to contest the constitutionality of section 581.031(15)(a) based upon the "special injury exception" to the general rule.[4] This rule provides that:
a ministerial officer, charged with the duty of administering a legislative enactment, cannot raise the question of its unconstitutionality without showing that he will be injured in his person, property, or rights by its enforcement....
Barr v. Watts, 70 So.2d 347, 350 (Fla.1953) (en banc). See also City of Pensacola v. King, 47 So.2d 317, 319 (Fla.1950) (en banc) (stating that: "a ministerial officer may not question the constitutionality of a legislative act without a showing that he will be injured in person, property or some material right by its enforcement."). They are wrong.
Our supreme court has held that the threat of suit, without more, does not give public officers or agencies a "sufficiently substantial interest or special injury to allow the court to hear the challenge." Lewis, 416 So.2d at 458. In fact, the case law is clear that the only time that a public officer or agency may raise the constitutionality of a state statute is in a defensive posture. See Lewis, 416 So.2d at 458.
Accordingly, we find that neither the County nor City had standing to initiate a constitutional challenge to section 581.031(15)(a). Thus, without reaching the merits of any of the appellees' claims, we reverse the orders granting the motions for preliminary injunction. See Chiles v. Thornburgh, 865 F.2d at 1202 (stating that: "[w]hen considering standing, we do not assess the merits of the underlying cause of action because `standing in no way depends on the merits of the plaintiffs contention that the particular conduct is illegal.'"), quoting Warth v. Seldin, 422 U.S. 490, 500, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). See also, e.g., Priori v. State, 386 So.2d 618 (Fla. 1st DCA 1980) (declining to rule on the merits where it was "doubtful" that the appellant had standing to challenge policy activity); Johnson v. Liberty Mut. Ins. Co., 297 So.2d 858 (Fla. 4th DCA 1974) (refusing to reach merits of argument that appellants had no standing to invoke).
This opinion is effective immediately and will not be delayed by the filing of a motion for rehearing or other post-decision motion.
Reversed.
SCHWARTZ, C.J., concurs.
*559 COPE, J. (concurring).
I agree that Miami-Dade County and the City of North Miami do not have standing to challenge the constitutionality of paragraph 581.031(15)(a), Florida Statutes (2000). Department of Education v. Lewis, 416 So.2d 455 (Fla.1982).
There are, however, individual plaintiffs in the declaratory judgment action filed by North Miami. An individual citizen whose property is subject to inspection for citrus canker would, in my view, have standing to raise the identical issue. Lewis, 416 So.2d at 458. Since it seems likely that in further proceedings the same claims will be raised by a citizen with standing, I would make the following observations about the merits.

I.
Paragraph 581.031(15)(a) authorizes the Department of Agriculture and Consumer Services to make inspections for plant pests and for that purpose "to enter into or upon any place...." Id.
The statute is facially constitutional, and I do not read the trial court's order to say otherwise. The claim made by Miami-Dade County and the City of North Miami was that agricultural inspectors must obtain a search warrant under the Fourth Amendment to enter private residential property to conduct inspections for the presence of citrus canker, unless the owner has consented to the entry. The challenge is thus made to the statute as applied to searches of residential premises.[*]
The statute is constitutional as applied. In my view, the Department has ample authority to apply for a search warrant in those situations where a search warrant is required. I agree with the Department, and respectfully disagree with the trial court, on this issue. First, paragraph 933.02(4)(c), Florida Statutes, is broad enough to authorize the issuance of a search warrant upon application by the Department. Second, such authority is also implicit in paragraph 581.031(15)(a) itself.

II.
The County and the City appear to take the position that the entirety of a homeowner's yard qualifies as curtilage and that the Department cannot enter into any part of the yard without a search warrant. That position is incorrect. The applicable principles are outlined in the LaFave treatise. See Wayne R. LaFave, supra, §§ 2.3(f), (g), 2.4(a). See also Potts v. Johnson, 654 So.2d 596, 599 (Fla. 3d DCA 1995).
NOTES
[1] There were also some individual property owners named as plaintiffs in the City's suit. The City, however, sought a temporary injunction solely in its capacity as an enforcement agency. Hence, these individual property owners did not join in the City's motion for temporary injunction and are not parties to this appeal.
[2] Section 581.184(7), Fla. Stat. (2000), provides:

Upon request of the department, the sheriff of each county in the state shall provide assistance in obtaining access to private property for the purpose of enforcing the provisions of this section. The sheriff shall be responsible for maintaining public order during the eradication process and protecting the safety of department employees, representatives, and agents charged with implementing and enforcing the provisions of this section. The department may reimburse the sheriff for the reasonable costs of implementing the provisions of this subsection.
[3] Specifically, the trial court held that:

[I]t is clear, and this Court so finds, that the plaintiff[s][are] subject, by statute, to being called upon to enforce the actions of the Department and the plaintiff[s] do have standing to seek court approval where such enforcement may, in fact, be unconstitutional.
[4] The County also relied on Chiles v. Thornburgh, 865 F.2d 1197, 1209-1211 (11th Cir. 1989), to assert that it has standing here. We find this case completely inapposite to Chiles, where the County had suffered an actual economic detriment. No such detriment has been alleged in this case, and no actual injury has been shown.
[*] The Fourth Amendment does not require a warrant for entry into open fields. Wayne R. LaFave, Search and Seizure § 2.4(a) (3d ed.1996).