# Third District Court of Appeal

## State of Florida

Opinion filed February 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1168
Lower Tribunal No. 13-23663

_____

**Adrian Hines and Klautrelle Long,**
Appellants/Cross-Appellees,

vs.

**New Urban Pine Road LLC,**
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

The AJM Law Group, P.A. and Alix J. Montes; James Jean-Francois (Hollywood), for appellants/cross-appellees.

Waldman Barnett P.L., Eleanor T. Barnett, and Jason Gordon, for appellee/cross-appellant.

Before SUAREZ, SCALES and LUCK, JJ.

PER CURIAM.

Adrian Hines and Klautrelle Long appeal the trial court's judgment in favor of New Urban Pine Road LLC foreclosing on their North Miami home. Hines and Long contend that we should reverse the judgment because: (1) New Urban did not have standing to foreclosure on their home; and (2) there was insufficient evidence to reestablish the lost note under Florida Statutes section 673.3091. We disagree, and affirm.[1]

Standing. At the bench trial, New Urban presented competent substantial evidence that there was an unbroken chain of assignments from Wells Fargo, to RWPO VI, LLC, to Goshen Mortgage, to GDBT I Trust 2011-1, back to Goshen Mortgage, and finally to New Urban. This unbroken chain was sufficient evidence to establish New Urban's standing to foreclose on the home. See Nationstar Mortg., LLC v. Marquez, 180 So. 3d 219, 221 (Fla. 3d DCA 2015) ("To establish standing to foreclose on a mortgage and note, a plaintiff must demonstrate it is the owner of the note and mortgage and that it acquired such ownership prior to filing the action. Ownership may be proven by an uncontradicted chain of self-authenticating assignments." (citation and quotation omitted)).

---

[1] New Urban cross-appeals one of the trial court's evidentiary rulings but because we are affirming the foreclosure judgment, the cross-appeal is dismissed as moot. See Fla. Dep't of Agric. & Consumer Servs. v. Miami-Dade Cty., 790 So. 2d 555, 556 (Fla. 3d DCA 2001) ("We conclude that the appellees lack standing to pursue this action and, accordingly, reverse the two temporary injunctions. As a result, the issue raised on the cross-appeal is moot.").

2

Re-establishment of lost note.  "Where the plaintiff is not in possession of the original documents, it is still entitled to enforce the instrument if:  '(a) [it] was entitled to enforce the instrument when loss of possession occurred . . . .; (b) The loss of possession was not the result of a transfer by [it] or a lawful seizure; and (c) [it] cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found. . . .'"  Id. (quoting § 673.3091, Fla. Stat.).  Here, the unbroken chain of assignments and Mr. Corral's testimony were competent and substantial evidence supporting the trial court's findings that the lost note requirements of section 673.3091 had been met.

Affirmed; cross-appeal dismissed as moot.