# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-2158, 3D25-1667
Lower Tribunal No. 22-5708-CA-01

_____

**Murline Gelin,**
Appellant,

vs.

**Carrington Mortgage Services, LLC, et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Murline Gelin, in proper person.

Greenspoon Marder LLP, and Dariel J. Abrahamy (Boca Raton), for appellee Carrington Mortgage Services LLC.

Before LINDSEY, LOBREE and GOODEN, JJ.

PER CURIAM.

Affirmed. See Singleton v. Greymar Assoc., 882 So. 2d 1004, 1008 (Fla. 2004) ("[T]he subsequent and separate alleged default created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action."); Hines v. New Urban Pine Rd. LLC, 239 So. 3d 750, 751 (Fla. 3d DCA 2018) ("This unbroken chain [of assignments] was sufficient evidence to establish [mortgagee's] standing to foreclose on the home."); see also Rodriguez v. Falcones, 314 So. 3d 469, 472 (Fla. 3d DCA 2020) (showing of due diligence is required under rule 1.5410(b)); Cleveland v. Crown Fin., LLC, 212 So. 3d 1065, 1069 (Fla. 1st DCA 2017) ("Relief from judgment based on newly discovered evidence claim should be seldom granted and only when the party seeking relief has exercised due diligence. It is the movant's burden under rule 1.540(b) to establish the exercise of due diligence. It is not sufficient to merely show that the evidence was not known or discovered by counsel prior to trial. Rather, the movant must make his or her vigilance apparent." (internal citations omitted)); Rusniaczek v. Tableau Fine Art Grp., Inc., 139 So. 3d 355, 357 (Fla. 3d DCA 2014) (holding that "[i]n order to warrant an evidentiary hearing, a rule 1.540(b)(3) motion must specify the essential facts of the purported fraud and not merely assert legal conclusions.").

2