656 So.2d 271 (1995)
STAR LAKES ESTATES ASSOCIATION, INC., Appellant,
v.
Dory AUERBACH and Hortense Auerbach, his wife, and Carline Joseph and Patricia Joseph, tenants in possession, Appellees.
No. 94-2704.
District Court of Appeal of Florida, Third District.
June 21, 1995.
*272 Buchanan Ingersoll and Jeremy A. Koss and Steven B. Chaneles, Miami Beach, for appellant.
Allen P. Reed, Miami, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
PER CURIAM.
In the main appeal, a condominium association appeals the amount of its attorney's fees award. The appellees cross-appeal the trial court's order granting a summary judgment of foreclosure to the Association. We reverse on the cross-appeal because we find that the trial court erred in granting a summary judgment of foreclosure where there remained issues of material fact in dispute.
The appellant Star Lakes Association (hereinafter "the Association") is the condominium association in charge of managing the Star Lakes Condominium. The appellees, Dory and Hortense Auerbach (hereinafter "the Auerbachs"), owned a unit in Star Lakes Condominium. While the Auerbachs owned this unit, the Association levied a special painting assessment in the amount of $292.50 against their unit. The Association claims that it notified the Auerbachs of this *273 special assessment by mail on or about January 17, 1991. The Association's president, in his affidavit, stated that the Association sent a copy of the notice of assessment to the address "listed in the [a]ssociation's records", but did not specify who sent the notice, or to which specific mailing address the notice was sent. Once the Auerbachs failed to pay the assessment, the Association procured a lien on the Auerbachs' unit. On August 23, 1991, the Association, by certified mail, mailed the Auerbachs a notice of the claim of lien along with a letter expressing the Association's intent to foreclose on the lien if the assessment was not paid.
The Auerbachs, however, have maintained throughout the entirety of the litigation, that they did not receive the initial notice, nor any subsequent notices, regarding the special assessment. Instead, they state that they were not living in the condominium at the time that the Association allegedly mailed them the aforementioned notices, and, furthermore, that they had submitted a copy of their current mailing address to the Association before they moved from the condominium. The Auerbachs further allege that they first learned of the special assessment on September 5, 1991, when Mr. Auerbach received a letter dated August 23, 1991 that had been sent to the Auerbachs' condominium address by the Association's attorney.
After unsuccessfully trying to settle this dispute, the Association filed the underlying foreclosure action against the Auerbachs and against Carline and Patricia Joseph ("the Josephs"), the couple who eventually purchased the Auerbachs' condominium unit.[1] The Auerbachs and the Josephs jointly filed a Second Amended Answer and Affirmative Defenses, and also filed a Second Amended Counterclaim seeking damages against the Association for violations of the Florida and Federal Fair Housing Acts, as well as claims for outrage, negligence, abuse of process, and slander of title. Pursuant to a motion to dismiss by the Association, the trial court dismissed the counterclaims, but allowed the counterclaims to be asserted as affirmative defenses.[2]
Subsequently, the Association moved for, and was granted, summary judgment on the foreclosure suit. The Association then moved for attorney's fees as the prevailing party in the foreclosure action pursuant to Florida Statutes, Section 718.116(6)(a), (1993). The trial court conducted a hearing to determine the amount of fees to be awarded to the Association. At this hearing, both parties submitted expert testimony regarding the reasonableness of the fee sought by the Association. The Association requested a total fee of $16,764.50, and the trial awarded a total fee of $8,000. The Association appeals the amount of the fee award, and the Auerbachs cross-appeal the order granting summary judgment.
The Auerbachs contend that the trial court erred in granting the summary judgment of foreclosure because there remains a disputed issue of fact as to whether the Association properly notified the Auerbachs about the special assessment. We agree.
In the instant case, the Association sought to foreclose on the Auerbachs' unit because the Auerbachs failed to pay a special assessment. See §§ 718.116(5)(a), (6)(a) Fla. Stat. (1993). However, in order to foreclose on a unit based upon the unit owner's failure to pay a special assessment, the condominium association was required to prove that it sent written notice of the "specific purpose or purposes" of the assessment to each unit owner. § 718.116(10) Fla. Stat. (1993) ("The specific purpose or purposes of any special assessment approved in accordance with the condominium documents shall be set forth in a written notice of such assessment sent or delivered to each unit owner."). Consequently, in order to obtain a summary judgment of foreclosure in the instant case, where the Association claims to have mailed the notice (invoking the "sent" portion of the statute as distinguished from the "delivered" portion of the statute), the Association was required to prove that there was no disputed issue of fact *274 regarding the mailing of notice to the Auerbachs.
In the context of a summary judgment, the movant, in this case the Association, has the initial burden to prove that there are no genuine, triable issues of material fact in dispute, "and the burden of proving the existence of such issues is not shifted to the opposing party until the movant has successfully met this burden." Holl v. Talcott, 191 So.2d 40, 43-44 (Fla. 1966); see Chihocky v. Crapo, 632 So.2d 230, 233 (Fla. 1st DCA 1994); Bagley v. Western Cas. & Sur. Co., 505 So.2d 678, 680 (Fla. 1st DCA 1987); Allstate Ins. Co. v. Arvida Corp., 421 So.2d 741, 743 (Fla. 4th DCA 1982). To meet this initial burden the moving party is required to conclusively prove the absence of genuine issues of material fact, Holl, 191 So.2d at 45, and "[t]he proof must be such as to overcome all reasonable inferences which may be drawn in favor of the opposing party." Home Ins. Co. v. C & G Sporting Goods, Inc., 453 So.2d 121, 123 (Fla. 1st DCA 1984) (citing Holl, 191 So.2d at 43).
In support of its motion for summary judgment, the Association submitted an affidavit by its president alleging that the initial notice of special assessment had been mailed, via regular mail, to the Auerbachs at the mailing address "listed in the Association's records." More important than what was alleged in this affidavit, is what was not alleged. The affidavit did not state or contain the actual mailing address to which the Association allegedly sent the notice of special assessment. Although we recognize that proof of mailing normally raises a rebuttable presumption that mail was received, Brown v. Giffen Indus., Inc., 281 So.2d 897, 900 (Fla. 1973) (on rehearing); Scutieri v. Miller, 584 So.2d 15, 16 (Fla. 3d DCA 1991); World on Wheels, Inc. v. International Auto Motors, Inc., 569 So.2d 836, 837 n. 1 (Fla. 3d DCA 1990); Berwick v. Prudential Property & Cas. Ins. Co., 436 So.2d 239, 240 (Fla. 3d DCA 1983); Scott v. Johnson, 386 So.2d 67, 69 (Fla. 3d DCA 1980), such a presumption only arises where there is proof that the mail is being sent to the correct address. See Brown, 281 So.2d at 900 (stating that presumption of receipt arises only where the mail was properly stamped, addressed and mailed). Taking into consideration the facts in this record, the affidavit stating that the notice was mailed to "the address listed in the Association's records" was insufficient to create a presumption that the notice was received by the Auerbachs because the affidavit did not list the actual address to which the notice was allegedly mailed, thereby making it impossible to determine if the notice was mailed to the correct address. Consequently, the Association, as the party moving for summary judgment, failed to meet its initial burden of conclusively establishing the non-existence of disputed factual issues regarding the mailing of the notice. See Holl, 191 So.2d at 43-44; Home Ins. Co., 453 So.2d at 122-23; Steinhardt v. Lehman, 338 So.2d 64 (Fla. 3d DCA 1976). Accordingly, the Association's motion for summary judgment should have been denied.
Moreover, the Auerbachs' denial of receipt of the initial notice regarding the special assessment must not be viewed in isolation, but must be considered in light of the other unique circumstances presented by this case. For example, in Mr. Auerbach's deposition testimony, he testified that he had given the Association his new mailing address when he and his wife moved out of the condominium unit. This testimony is uncontradicted. Furthermore, the record establishes that the Association's attorney mailed the Notice of Claim of Lien to the Auerbachs' condominium unit, despite the fact that the Auerbachs were no longer living there and despite the fact that the Auerbachs had given the Association a new mailing address.
These additional facts, coupled with the Association's inability to claim anything more than the fact that they mailed the notice of special assessment to the address "listed in the Association's records", clearly demonstrates that the Association did not properly mail the initial notice, regarding this special assessment, to the Auerbachs at their then current and correct address. Ultimately, it becomes apparent that the record herein is devoid of any evidence that the Association mailed the notice of special assessment, or any other notice for that matter, to the proper address.
*275 The net result of the foregoing is obvious. Not only was the Association not entitled to have its motion for summary judgment granted, but furthermore, for the foregoing reasons we hold that the Association would not be entitled to prevail in its foreclosure action. Since the record before us does not reflect the filing of a motion for summary judgment by the appellees/cross-appellants, we cannot direct that such a motion be granted. Consequently, whether the Auerbachs and the other appellees/cross-appellants prevail through the filing of a motion for summary judgment or at trial depends on events that have yet to occur.
We now turn to the appellant's argument on the main appeal relating to the issue of the attorney's fee award. In the underlying case, the trial court granted attorney's fees to the Association as the prevailing party in the foreclosure action. See § 718.116(6)(a), Fla. Stat. (1993) ("The Association is entitled to recover its reasonable attorney's fees incurred in either a lien foreclosure action or an action to recover a money judgment for unpaid assessments."). However, since we have reversed the summary judgment of foreclosure, we direct the trial court to vacate the Association's attorney's fee award because the Association is no longer the prevailing party in the foreclosure proceeding. As a result, the Association's main appeal, regarding the inadequate attorney's fee award, is dismissed as moot.
Reversed as to cross-appeal. Main appeal dismissed.
SCHWARTZ, Chief Judge, specially concurring.
I agree entirely with the opinion of the court. I would point out also that, in the unlikely event that the appellees do not succeed on the notice issue, they have also raised substantial, unresolved defenses that the plaintiff brought and maintained this action for ulterior purposes and in bad faith so that the action was barred under the clean hands doctrine. See Hensel v. Aurilio, 417 So.2d 1035, 1038 (Fla. 4th DCA 1982); Cross v. Federal Nat'l Mortgage Ass'n, 359 So.2d 464, 465 (Fla. 4th DCA 1978); Campbell v. Werner, 232 So.2d 252, 256 (Fla. 3d DCA 1970).
NOTES
[1] The Josephs, were joined in the suit since they are now the record title owners of the condominium unit which is the subject of the foreclosure suit.
[2] The appellees did not appeal this ruling.