SCHWARTZ, Senior Judge.
 

 The primary issue in this case concerns the validity of a so-called “assessment lien” imposed on June 26, 2009 in favor of a condominium association on a unit purchased by Lazaro Núñez and Jeimy Salazar on June 2, 2004. The lien was for $4,051.74 incurred in repairing the air-conditioner on May 16, 2003, when it was owned and occupied by Tania Carniello.
 
 *87
 
 We find no basis for the establishment of a lien on the property, so as to burden a subsequent purchaser of the unit for those expenses, and therefore reverse to that extent the judgment on appeal.
 

 The parties differ as to whether the case is controlled by the terms of the 1966 Declaration of Condominium or the 1976 Condominium Act. We need not resolve the controversy because a charge against the unit itself is not sustainable under either approach:
 

 1. On the one hand, the Declaration of Condominium provides for a special assessment on non-common areas, like Carniello’s unit, only in the case of and “alteration” or “improvement.”
 
 [1]
 
 This provision plainly does not apply to this case in which, as all agree, the inoperative air conditioner was simply repaired. See
 
 Siegle v. Progressive Consumers Ins. Co.,
 
 788 So.2d 355, 360 (Fla. 4th DCA 2001) (“In common usage, ‘repair’ means ‘to restore by replacing a part of putting together what is torn or broken’ or ... ‘to bring back to good or usable condition.’ ”);
 
 U.S. v. Blue Skies Projects, Inc.,
 
 785 F.Supp. 957, 961 (M.D.Fla.1991);
 
 Pritchett v. State Farm Mut. Auto. Ins. Co.,
 
 834 So.2d 785, 791 (Ala.Civ.App.2002); Webster’s Third New International Dictionary 63, 1138 (Philip Babock Gove, Ph. D., ed., Merriam-Webster, Inc. 1986) 1961 (“alteration” is defined as “a change or modification made on a building that does not increase its exterior dimensions”) (“improvement” is defined as “a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is distinguished from ordinary repairs”).
 

 2. On the other hand, the statutory perquisites to a valid “special assessment” as provided by the Condominium Act were simply not demonstrated below. § 718.116(5)(b) Fla. Stat. (2008)
 
 [2]
 
 ; § 718.116(10) Fla. Stat. (2008)
 
 [3]
 
 ;
 
 Ferry-Morse Seed Co. v. Hitchcock,
 
 426 So.2d 958, 961 (Fla.1983) (“In order to assert a statutory cause of action, the claimant must comply with all valid condition precedents; for an action cannot be properly commenced until all essential elements of the cause of action are present.”);
 
 Berg v. Bridle Path Homeowners Ass’n, Inc.,
 
 809
 
 *88
 
 So.2d 32, 34 (Fla. 4th DCA 2002) (“It is well-settled in Florida law that the plaintiff is required to prove every material allegation of its complaint which is denied by the party defending against the claim.”);
 
 Star Lakes Estates Ass’n, Inc. v. Auerbach,
 
 656 So.2d 271, 273 (Fla. 3d DCA 1995) (“[I]n order to foreclose on a unit based upon the unit owner’s failure to pay a special assessment, the condominium association was required to prove that it sent written notice of the ‘specific purpose or purposes’ of the assessment to each unit owner.”).
 

 It follows that (conditioned on the prompt payment of $150, plus interest, properly assessed for repairs to a common element, the swimming pool), the judgments below are reversed and the cause remanded for dismissal of the action.
 

 Reversed and remanded.
 
 [4]
 

 [1]
 

 .Section XIX of the Declaration of Condominium provides that the Association "shall have the right to make or cause to be made such alterations or improvements to the COMMON PROPERTY ... provided the making of such alterations and improvements are approved by the Board of Directors of said ASSOCIATION, and the cost of such alterations or improvements shall be assessed as common expense to be assessed and collected from all of the owners of PRIVATE DWELLINGS. However, where any alterations and improvements are exclusively or substantially exclusively for the benefit of the owner or owners of a PRIVATE DWELLING or PRIVATE DWELLINGS requesting the same, then the cost of such alterations or improvements shall be assessed against and collected solely from the owner or owners of the PRIVATE DWELLING or PRIVATE DWELLINGS exclusively or substantially exclusively benefited, the assessment to be levied in such proportion as may be determined by the Board of Directors of ASSOCIATION." (emphasis in original).
 

 [2]
 

 . "To be valid, a claim of lien must state the description of the condominium parcel, the name of the record owner, the name and address of the association, the amount due, and the due dates. It must be executed and acknowledged by an officer or authorized agent of the association."
 

 [3]
 

 . "The specific purpose or purposes of any special assessment, including any contingent special assessment levied in conjunction with the purchase of an insurance policy authorized by s. 718.111(11), approved in accordance with the condominium documents shall be set forth in a written notice of such assessment sent or delivered to each unit owner. ...”
 

 [4]
 

 . We also reverse to the same extent the third-party judgment entered in favor of Nu-ñez and Salazar against Carniello.