BERGER, J.
Margaret Burt appeals a summary final judgment entered in favor of Hudson & Keyse, LLC, (H&K), an assignee of Bank of America, N.A., (BOA), for account stated and money lent and/or credit extended. Burt argues it was error to enter summary judgment when genuine issues of material fact remained as to whether Burt was the proper debtor, and whether H&K actually owned the credit card debt. We agree and reverse.
H&K filed a four count complaint against Burt for breach of contract (Count I), money lent and/or credit extended (Count II), account stated (Count III), and unjust enrichment (Count IV), naming her as Margaret Burt-Hosmer-Crist-Caudill-Brown.[1] H&K alleged that BOA assigned all of its rights, title and interest in Burt’s account to H&K and that Burt was in default and had failed to cure the default by paying the unpaid balance.
Specifically, in its claim for money lent and/or credit extended, H&K alleged that Burt obtained and used a credit card from BOA to make purchases and/or obtain cash advances, that she agreed to repay the borrowed monies, and as a result owes H&K $85,192.22, the amount due, plus interest. In its claim for account stated, H&K alleged that BOA and Burt had entered business agreements, and that Burt agreed to pay and/or failed to timely dispute the resulting balance. At the hearing on its motion for summary judgment, H&K produced the following documents to support its claims for account stated and money lent and/or credit extended:
1) Affidavit of Claim generally stating that based on the entries in books kept in the regular course of business, Burt owed H&K, as assignee of BOA, $35,192.22, plus interest.
2) Statement of Account listing the debtor as Margaret Lynn Burt-Hosmer-Crist-Caudill-Brown at 12341 Hallmark Avenue, Brooks-ville, FL, 34613-5639, the original creditor and account number and the balance due.
3) Return of Service verifying service of H&K’s complaint on Margaret Burt aka Hosmer-Crist>-Caudill-Brow [sic] at address 12341 Hallmark Ave., Brooksville, FL. The Deputy Sheriff noted that Margaret Burt denied going by the names Brow or Hosmer.
4) May 13, 2006 statement from BOA for Margaret L. Hosmer, address 1805 South Stoney Brook St., Brooksville, FL 34613, showing a balance of $21,542.45; June 22, 2006 statement from BOA account in the name of Margaret L. Hosmer at the address 1805 South Stoney Brook St., Brooksville, FL 34613, showing a balance of $22,301.33.
5) Notarized Bill of Sale executed on April 30, 2008, representing sale of the BOA account of Margaret L. Hosmer, address 2944 Bamberg PL, Brooksville, FL in the amount of $35,192.22.
6) May 21, 2009 letter from H&K addressed to Margaret Burt-Hosmer-Crist Caudill-Brow at 12341 Hallmark Avenue, Brooksville, FL 34613-5639, informing her that her BOA account had been transferred to H&K and that if she did not make arrangements to satisfy the debt within ten days from the date *1195 of the letter, a lawsuit for the principal amount owed plus interest would be filed.
7) Non-Military Affidavit.
In opposition to H&K’s motion, Burt filed an affidavit stating that H&K did not loan her money, did not confer on her any benefit, and that she did not owe them $85,192.22. She swore that she never received notice from H&K or its predecessors in interest that the debt had been assigned as required by section 559.715, Florida Statutes. Burt also suggested that H&K had sued the wrong Margaret Burt as another Margaret Burt also lived in Hernando County.[2]
We review the entry of summary judgment de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126,130 (Fla.2000). “The party moving for summary judgment is required to conclusively demonstrate the nonexistence of a material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought.” Laughlin v. Household Bank, Ltd., 969 So.2d 509, 513 (Fla. 1st DCA 2007) (citations omitted). Summary judgment is only proper if the facts are so crystallized that nothing remains but questions of law. Id. (citing McCraney v. Barberi, 677 So.2d 355, 357 (Fla. 1st DCA 1996)). “If the evidence will permit different reasonable inferences, it should be submitted to a jury as a question of fact.” Id.
Burt has maintained throughout the litigation that the debt is not hers. And, despite her admission that she had a BOA account at one time, H&K has failed to conclusively prove that the Margaret L. Burt aka “Hosmer-Crist-Caudill-Brow [sic]” at 12341 Hallmark Avenue, Brooks-ville, FL, 34613, is the same person as Margaret L. Hosmer at 1805 South Stoney Brook St., Brooksville, FL 34613-5639, the debtor listed on the BOA account statements, or the Margaret L. Hosmer at 2944 Bamberg PL, Brooksville, FL 34613, the debtor listed on the “Charge Off” ledger attached to the Bill of Sale.[3]
As to the notice of assignment, the only evidence of notice is a copy of a letter, from H&K, addressed to “Margaret Burt-Hosmer-Crist-Caudill-Brow [sic],” regarding the assignment. Generally, proof of mailing creates a rebuttable presumption of receipt. Star Lakes Estates Ass’n v. Auerbach, 656 So.2d 271, 274 (Fla. 3d DCA 1995). However, while H&K produced a letter that was addressed to Burt, H&K offered no proof that it mailed the letter, such as a return receipt, an affidavit swearing the letter was actually mailed to Burt, or proof of regular business practices. See id., 656 So.2d at 274; Brake v. State of Florida, Unemployment Appeals Comm’n, 473 So.2d 774, 774 (Fla. 3d DCA 1985). Because Burt swore in her affidavit that she did not receive notice of the assignment, an issue of fact was created as to whether the notice was actually sent. See Camerota v. Kaufman, 666 So.2d 1042, 1045 (Fla. 4th DCA 1996) (explaining affidavit denying receipt may not conclusively rebut the presumption of receipt, but it can create an issue of fact that must be resolved by the trier of fact).
Finally, even if H&K had established that Burt was the proper defendant, it failed to prove conclusively the amount in dispute. In order to establish a claim for account stated, H&K was required to *1196 prove that there was “ ‘an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment.’ ” Farley v. Chase Bank, U.S.A., N.A., 37 So.3d 936, 937 (Fla. 4th DCA 2010) (quoting Martyn v. Amold, 36 Fla. 446, 18 So. 791, 793 (1895) (citation omitted)). The agreement does not need to be explicit. When a debtor has been issued an account statement and the debt- or fails to object in a reasonable time, it is presumed that the account is correct and the debtor is liable. Id. However, the failure to object only becomes an implied agreement when the plaintiff establishes that it had a practice of periodic billing in the regular course of dealing with the defendant. See F.D.I.C. v. Brodie, 602 So.2d 1358, 1361 (Fla. 3d DCA 1992). By producing two bills from BOA addressed to Ms. Hosmer, H&K produced some evidence of a practice of periodic billing in the regular course of dealing. Yet, neither of those account statements indicate that the account holder owes BOA the amount set forth in H&K’s complaint. Furthermore, as explained above, there is no evidence that Burt received the letter addressed to her from H&K, or the Statement of Account attached to H&K’s affidavit. Consequently, H&K failed to establish that there is an implicit agreement as to the amount alleged in its complaint.
Based on the foregoing, we conclude that genuine issues of material fact remain that preclude summary judgment. Accordingly, we reverse the entry of summary judgment and remand for further proceedings.
REVERSED and REMANDED.
ORFINGER and WALLIS, JJ„ concur.

. Counts I and IV, the breach of contract and unjust enrichment claims, were voluntarily dismissed by H&K after the trial court granted summary judgment on Counts II and III.

. In her answer and affirmative defenses, Burt alleged that she closed her only account with BOA and had proof of payment in full. She claimed that she was the victim of fraud and had reported same to BOA.

. The return of service, a document asserted by H&K as proof of Burt’s identity, actually creates a question of fact, as she told the deputy at the time of service that she has never used the surname Hosmer.