KHOUZAM, Judge,
Dissenting.
I would hold that the plain language of section 559.715 does create a condition precedent to a foreclosure suit. Therefore, in my view, U.S. Bank was required to give the Brindises written notice that it *1222 had become the holder of the note through assignment at least thirty days before filing a foreclosure complaint against them. Accordingly, I would reverse the final foreclosure judgment in this case.
“[T]he polestar of statutory construction [is the] plain meaning of the stathte at issue.” Dep’t of Transp. v. Mid-Peninsula Realty Inv. Grp., LLC, 171 So.3d 771, 776 (Fla. 2d DCA 2015) (second alteration in original) (quoting Acosta v. Richter, 671 So.2d 149, 153 (Fla.1996)). A reviewing court must look first to the actual language of the statute and give that language its plain and ordinary meaning. Therlonge v. State, 184 So.3d 1120, 40 Fla. L. Weekly D1646, 2015 WL 4385586 (Fla. 4th DCA July 15, 2015). Looking at the plain meaning of the statute is the primary way a court should ■ determine legislative intent. State v. Dorsett, 158 So.3d 557, 560 (Fla.2015)., Only where the language of a statute is unclear or ambiguous should a court use the rules of statutory construction to discern legislative intent. Id. A reviewing court cannot add words that the legislature did not include. Therlonge, — So.3d at -, 40 Fla. L. Weekly at D1647. “If the words are plain, they give meaning to the act, and it is neither the duty nor the privilege of the courts to enter speculative fields in search of a different meaning.” Glazer v. Chase Home Fin. LLC, 704 F.3d 453, 460 (6th Cir.2013) (quoting Caminetti v. United States, 242 U.S. 470, 490, 37 S.Ct. 192, 61 L.Ed. 442 (1917)).
The FCCPA does not specifically exclude foreclosure — or, more generally, the enforcement of security interests — from its reach. And a borrower’s obligation under a promissory note in a residential foreclosure suit falls within the broad definition of “consumer debt” contained in section 559.55(6). Though this definition has already been recited by the majority, it is worth repeating here:
“Debt” or “consumer debt” means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.
In the foreclosure context, a borrower is a consumer who is obligated under the promissory note to pay money to the mortgagee. See Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir.2012) (interpreting the FDCPA’s definition of a “debt,” which, is essentially identical to the definition found in the FCCPA); Glazer, 704 F.3d at 463 (“There can be no serious doub.t that the ultimate purpose of foreclosure is the payment of money.”). And this payment obligation arose out of a transaction whose subject is property used primarily for personal, family, or household purposes because the borrower lives on the property. See Reese, 678 F.3d at 1217.
The fact that foreclosure suits have a dual purpose — both the collection of a debt under the promissory note and the enforcement of a security interest under the mortgage — does not prevent them from being a debt collection activity. As this court has acknowledged, “[a] communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A debt is still a ‘debt’ even if it is secured.” Gann v. BAC Home Loans Servicing LP, 145 So.3d 906, 909 (Fla. 2d DCA 2014) (alteration in original) (quoting Reese, 678 F.3d at 1218); see also Birster v. Am. Home Mortg. Servicing, Inc., 481 Fed.Appx. 579, 582 (11th Cir.2012) (applying Reese and holding that an attempt to enforce a security instrument and collect a debt qualifies as a debt *1223 collection activity under the FDCPA) (unpublished opinion); Freire v. Aldridge Connors, LLP, 994 F.Supp.2d 1284, 1288 (S.D.Fla.2014) (“Because the foreclosure complaint sought to enforce a promissory note, not solely to enforce a mortgage, and because the foreclosure complaint sought a deficiency judgment, a judgment for an amount beyond the collateral, Defendant sought to collect a debt, and therefore Plaintiffs were the object of debt collection activity.”); Battle v. Gladstone Law Grp., P.A., 951 F.Supp.2d 1310, 1313 (S.D.Fla.2013) (“[M]oney owed on a promissory note secured by a mortgage is a debt for purposes of the FDCPA.”). The practical result of holding otherwise would create a huge loophole in the FCCPA because the actions that the act seeks to curtail would not be prohibited so long as the debt in question was secured. See Gann, 145 So.3d at 909; Reese, 678 F.3d at 1217-18; Birster, 481 Fed.Appx. at 582-83.
Going even further, the very purpose of a mortgage is to secure repayment of a debt and therefore the enforcement of the mortgage itself is a debt collection activity. See Black’s Law Dictionary (10th ed.2014) (defining “mortgage” as “[a] conveyance of title to property that is given as security for the payment of a debt or the performance of a duty and that will become void upon payment or performance according to the stipulated terms” and “foreclosure” as “[a] legal proceeding to terminate" a mortgagor’s interest in property, instituted by the lender (the mortgagee) either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property”); see also Glazer, 704 F.3d at 461 (broadly holding that “mortgage foreclosure is debt collection under the FDCPA” because “every mortgage foreclosure, judicial or otherwise, ⅛ undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (ie., forcing a settlement) or compulsion (ie., obtaining.a judgment of foreclosure, selling the home at auction^ and applying, the proceeds from the sale to pay down the outstanding debt)”). Indeed, U.S. Bank acknowledged in its amended complaint that the foreclosure suit was “an attempt to collect a debt.”
Once we establish that- a foreclosure suit is an action to collect a debt to which the FCCPA applies,, it becomes clear based on the plain language of section 559.715 that it creates a condition precedent to a foreclosure suit. Section 559.715 provides that an “assignee must give the debtor written notice of [anj assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt” (emphasis added). Though the majority suggests that this language is not specific enough to effectively create a condition precedent, I disagree. It is true that the legislature has, in other areas of the law, created more involved and specific conditions precedent. But that fact does not undermine the clear mandate found in section 559.715 that an assignee must give the debtor written notice of an assignment at least thirty days before taking any action to collect the debt. The majority is correct that' the Fifth District’s decision in Burt v. Hudson & Keyse, LLC, 138 So.3d 1193 (Fla. 5th DCA 2014), is not directly on point because it was an appeal of a final summary judgment and dealt with credit card debt; however, Burt does stand for the proposition that lack of compliance with section 559.715 may, at a minimum, be raised as a defense. Thus, I believe Burt does support the position that section 559.715 creates a condition precedent.
Because the plain language of section 559.715 is clear and-unambiguous, the majority’s focus on the broader purpose of the FCCPA is misplaced. See Dorsett, 158 So.3d at 560 (stating that a court- should look primarily at a statute’s plain meaning *1224 to determine legislative intent and that a court should only apply rules of statutory construction to determine legislative intent where the plain language of the statute is unclear or ambiguous). However, I also believe that interpreting 559.715 as creating a condition precedent to foreclosure does not conflict with the broader purpose of that section or the FCCPA as a whole.
The majority points out that section 559.715 was intended to streamline the collection of consumer debts by allowing various creditors’ claims against a single debtor to be consolidated and pursued by a collection agency. Accordingly, the majority suggests that the section does not apply in the mortgage foreclosure context because the assignee of the note is generally not a collection agent for others. But the fact that mortgage foreclosure is not the typical scenario to which the statute is applied does not mean that the statute is not applicable to mortgage foreclosure. And there is nothing in the language of the statute itself — or, indeed, the staff analy-ses that the majority cites — that limits its application to debt collection agencies. Rather, the statute simply permits the assignment of consumer debts and provides that the assignee must give the debtor written notice of the assignment “at least 30 days before any action to collect the debt.”
The majority also cites to the language in section 559.715 stating that the assignee is “a” real party in interest as opposed to “the” real party in interest, suggesting that this word choice shows that this section only applies where the assignor retains some rights. But it seems to me that this language simply allows the assignee to be one of multiple parties who hold an interest; it does not limit the section’s application to scenarios where the assignor has retained some rights.
Next, the majority points out that the Brindises could have sought relief under the sections of the FCCPA that provide for administrative enforcement. For example, section 559.725 provides that consumers’ complaints against debt collectors must be investigated and section 559.727 provides that corrective actions may be taken to remedy violations. But in my view the fact that these procedures were available to the Brindises does not negate the language found in section 559.715 providing for notice as a condition precedent to suit. Moreover, without notice of the assignment, it would be logistically difficult for borrowers like the Brindises to meaningfully pursue these administrative remedies.
Additionally, the majority asserts that making section 559.715 a condition precedent is not necessary to the primary purpose of the FCCPA, which is to protect consumers from abusive and harassing collection efforts. The majority points out that the Brindises do not allege that U.S. Bank engaged in these egregious tactics. But the plain language of section 559.715 reveals that it does not address these egregious tactics that are the primary focus of the FCCPA; rather, section 559.715 allows the assignment of consumer debts and requires assignees to give notice of an assignment.
The majority points out that Paragraph 20 of the mortgage allows the lender to transfer the note without prior notice to the Brindises, concluding that this provision renders section 559.715 inapplicable as a matter of contract law. But section 559.715 does not require notice prior to transfer and therefore does not conflict with Paragraph 20 in any way. Indeed, Paragraph 20 is completely consistent with section 559.715 because it goes on to provide that written notice of a change in loan servicer “will be given” to the borrower *1225 and specify that the notice must include “the name and address of the new Loan Servicer, the address to which payments should be made[,] and any other information RESPA [Real Estate Settlement Procedures Act, 12 USC §§ 2601-17] requires in connection with a notice of transfer of servicing.”
Finally, the majority opines that the Brindises are not entitled to a notice under section 559.715 because they received a notice under Paragraph 22 of the mortgage. It is true that Paragraph 22 of the Brindises’ mortgage provides how they would be notified of any default and the manner in which the lender could accelerate all payments due. But Paragraph 22 does not provide for a notice of the assignment of debt, which is the notice that section 559.715 requires. Because Paragraph 22 addresses a completely different notice than section 559.715, a sufficient Paragraph 22 notice cannot substitute for a sufficient notice under section 559.715.
For all of these reasons, I would hold that section 559.715 creates a condition precedent to a foreclosure suit and therefore I would reverse.