IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CITIMORTGAGE, INC.,

      Appellant,

v.                                  Case No.  5D14-4500

BARBRA A. HOSKINSON, ET AL.,

      Appellees.

_____/

Opinion filed July 8, 2016

Appeal from the Circuit Court
for Orange County,
Emerson R. Thompson, Jr., Senior Judge.

Heidi J. Bassett, of Robertson,
Anschutz & Schneid, P.L., Boca
Raton, for Appellant.

Adam H. Sudbury, of Apellie Legal
Services, PLLC, Orlando, for
Appellees Barbra A. Hoskinson and
Michael P. Hoskinson.

No Appearance for other Appellees.

PER CURIAM.

In this mortgage foreclosure action, we review the propriety of an involuntary dismissal and final judgment entered in favor of Appellees, the mortgagors.  Because the lower court based the dismissal on an incorrect evidentiary ruling, we reverse.

At a nonjury trial, Appellant presented one witness, through whom it sought to introduce into evidence various documents, including a notice of breach and acceleration letter.  Sending such a letter was a condition precedent to acceleration of the note and foreclosure of the mortgage.  Appellees objected to introduction of the letter on hearsay grounds, arguing that the witness was not qualified to lay the necessary foundation to bring the letter within the business records exception to the hearsay rule.  § 90.803(6)(a), Fla. Stat. (2014).  The trial court agreed.

Any qualified witness who has the necessary knowledge to testify as to how a document was made may lay the foundation to bring the document within the business records exception.  *Twilegar v. State*, 42 So. 3d 177, 199 (Fla. 2010).  All that is required is that the witness be "'well enough acquainted with the activity to give the testimony.'" *Nationstar Mortg., LLC v. Berdecia*, 169 So. 3d 209, 213 (Fla. 5th DCA 2015) (quoting *Alexander v. Allstate Ins. Co.*, 388 So. 2d 592, 593 (Fla. 5th DCA 1980)).  Appellant's witness met this criteria.  She testified that Appellant's customer service department generates breach letters when mortgage payments become delinquent.  The letters are delivered to Appellant's mail room on the day they are prepared and are collected by the postal service that day or the following day.  Although the witness had never worked in the customer service department, she had trained side-by-side with someone in that department and had observed the entire process from generating the breach letters to delivering them to the mailroom.  As such, she was qualified to authenticate the letter as a business record.

We further conclude that Appellant offered sufficient evidence to show that the letter was mailed.  A rebuttable presumption of mailing can be shown through evidence

2

of an organization's routine practice. § 90.406, Fla. Stat. (2014); *see Brown v. Giffen Indus., Inc.*, 281 So. 2d 897, 899-900 (Fla. 1973). The witness testified to her personal knowledge of Appellant's general practice of delivering breach letters to the mail room, where they are collected by the postal service. Although the witness did not see the postal carrier collect the mail on the date in question, she had seen the carrier collect the mail at other times. This testimony created a rebuttable presumption that the letter was mailed in accordance with Appellant's general practice. Appellees did not rebut that presumption.

REVERSED AND REMANDED.

TORPY, COHEN and LAMBERT, JJ., concur.