NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN ALLEN, a/k/a JOHN T. ALLEN, )
)
      Appellant, )
)
v. )      Case No. 2D15-2976
)
WILMINGTON TRUST, N.A., Successor )
Trustee to CITIBANK, N.A., as Trustee f/b/o )
the Registered Holders of Structured Asset )
Mortgage Investments II Trust 2007-AR6, )
Mortgage Pass-Through Certificates, Series )
2007-AR6; CONSTANCE ALLEN- )
WILLOUGHBY; and SOUTH GATE )
COMMUNITY ASSOCIATION, INC., )
)
      Appellees. )
_____)

Opinion filed March 24, 2017.

Appeal from the Circuit Court for Sarasota
County; Nancy K. Donnellan, Judge.

Gregg Horowitz, Sarasota, for Appellant.

Sarah T. Weitz of Weitz & Schwartz, P.A.,
Fort Lauderdale, for Appellee Citibank.

No appearance for remaining Appellees.

SILBERMAN, Judge.

          John Allen seeks review of a final judgment of foreclosure which was

entered after a nonjury trial. Allen argues that Wilmington Trust, N.A., failed to prove

that it met the condition precedent of giving notice of acceleration. We agree and reverse.

Paragraph 22 of the mortgage requires that the lender give notice to the borrower prior to acceleration and sets forth several required terms of the notice. Paragraph 15 requires that the notice be written and provides that any such notice "shall be deemed to have been given to Borrower when mailed by first class mail." In his answer to the foreclosure complaint, Allen denied that the Trust met all conditions precedent. He also asserted as an affirmative defense that the Trust failed to meet the condition precedent of giving notice of acceleration.

At trial, the Trust presented the testimony of Christine Coffron, a case manager with Select Portfolio, the current servicer for the Trust. Coffron testified about the boarding process Select Portfolio used to verify the records of the prior servicer, EMC Mortgage Corporation. Coffron also testified that the records contained a notice of acceleration letter addressed to Allen and dated March 12, 2010. She added that because the letter existed, it had been sent. Further, she stated that the account did not contain anything indicating that the letter was returned as undeliverable and "servicers aren't in the habit of generating letters that they don't send." However, she acknowledged that there were no records reflecting that the letter actually had been mailed and that she did not know EMC's mailing procedures.

Allen unsuccessfully objected to Coffron's testimony that EMC had mailed Allen the notice letter. Allen asserted that the Trust had not established a foundation for the testimony. At the close of the evidence, Allen argued that the Trust had not proven that it met the condition precedent of giving notice of acceleration. The trial court

disagreed, concluding that Coffron's testimony describing the boarding process was sufficient to establish that the notice letter was mailed.

The court's reliance on the boarding process to prove that the notice letter was mailed is misplaced. Generally, the boarding process is relevant to the admission of the prior servicer's records under the business records exception to the hearsay rule. See Michel v. Bank of N.Y. Mellon, 191 So. 3d 981, 983 (Fla. 2d DCA 2016). That is, testimony by the current servicer adequately describing the boarding process is sufficient to support the admission of the prior servicer's records under the business records exception. Id. Thus, Coffron's testimony regarding Select Portfolio's boarding process was sufficient to support the admission of EMC's documents pertaining to Allen's account, including the notice letter. See id.

That said, the admissibility of the notice letter is not at issue in this case. At issue is whether the evidence was sufficient to establish that the Trust satisfied the condition precedent of giving notice of acceleration by mailing the notice letter. We conclude that neither the boarded documents nor Coffron's testimony established mailing.

The notice letter does not contain any proof that it was mailed. It is dated, but that simply establishes when it was drafted. The fact that a document is drafted is insufficient in itself to establish that it was mailed. See Burt v. Hudson & Keyse, LLC, 138 So. 3d 1193, 1195 (Fla. 5th DCA 2014). Instead, mailing must be proven by producing additional evidence such as proof of regular business practices, an affidavit swearing that the letter was mailed, or a return receipt. Id.

- 3 -

As for the other boarded documents, Coffron admitted that they did not include any evidence that the notice letter had been mailed, such as a return receipt or mailing log. And the fact that the boarded documents did not contain any records indicating that the notice letter was returned as undeliverable does not establish that the letter was mailed; it merely establishes that, if the notice letter was indeed mailed, it was not returned to the sender.

That leaves Coffron's testimony as the only possible basis for establishing that the notice letter was mailed. Coffron testified that she knew the letter was mailed because it had been created, the account did not contain anything indicating that it was returned as undeliverable, and "servicers aren't in the habit of generating letters that they don't send." The Trust argues that this testimony was sufficient to establish EMC's routine business practices.

Evidence of a company's routine business practices under section 90.406, Florida Statutes (2014), may be sufficient to establish a rebuttable presumption of mailing. CitiMortgage, Inc. v. Hoskinson, 200 So. 3d 191, 192 (Fla. 5th DCA 2016). However, the witness must have personal knowledge of the company's general practice in mailing letters. Id. Coffron, who was employed by the successor servicer, admitted that she was not familiar with its predecessor's mailing practices. Thus her testimony was not sufficient to establish EMC's routine business practices. Cf. Hoskinson, 200 So. 3d at 192-93 (holding that the plaintiff established mailing with routine business practices testimony of an employee who had personally observed coworkers in the customer service department generate the breach letters and deliver them to the mail room).

Because neither the boarded documents nor Coffron's testimony established mailing, the Trust did not meet its burden of proving it satisfied the condition precedent of giving notice of acceleration.  Accordingly, we reverse and remand for dismissal of the action.  See Blum v. Deutsche Bank Tr. Co., 159 So. 3d 920, 920-21 (Fla. 4th DCA 2015) (reversing a final judgment of foreclosure and remanding for dismissal based on the plaintiff's failure to prove it complied with the notice requirement by mailing the notice to the defendant).

Reversed and remanded with directions.


KELLY and BLACK, JJ., Concur.