# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**SAMUEL TORRES** and **MELISSA RENALDO,**
Appellants,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY,**
Appellee.

No. 4D17-2727

[October 31, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard L. Oftedal, Judge; L.T. Case No. 2011-CA-012572.

Mark L. Pomeranz of Pomeranz & Associates, P.A., Hallandale, for appellants.

James H. Wyman of Hinshaw & Culbertson LLP, Coral Gables, for appellee.

FORST, J.

Appellants Samuel Torres and Melissa Renaldo ("Borrowers") appeal the final judgment of foreclosure entered in favor of Appellee Deutsche Bank National Trust Company ("the Bank"). Borrowers argue the Bank lacked standing to bring the foreclosure action and failed to comply with conditions precedent to foreclose. We affirm without comment on the standing issue. However, we find that the Bank failed to prove compliance with the condition precedent of mailing Borrowers a default notice as required by paragraph 22 of the mortgage. Thus, we reverse and remand for the trial court to enter an order of involuntary dismissal.

## Background

Borrowers executed a note and mortgage with Novastar Mortgage, Inc. ("Novastar"). Paragraph 22 of the mortgage provided that, prior to acceleration, the lender must give the borrower notice and an opportunity to cure the default. Paragraph 15 provided that such notice must be written and "shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address

if sent by other means."

The mortgage was assigned to the Bank. Shortly thereafter, the Bank filed a foreclosure complaint against Borrowers, alleging a default under the note and mortgage. The complaint also maintained that all conditions precedent to foreclosure had been fulfilled. In Borrowers' answer, they asserted as an affirmative defense that the Bank failed to comply with the condition precedent of mailing a default notice to Borrowers.

At trial, Bank introduced a default letter addressed to Borrowers from Novastar's servicer, Saxon, through the testimony of a senior loan analyst for the Bank's servicer, Ocwen Financial ("Ocwen"). The loan analyst's testimony laid the necessary foundation for admission of the notice letter, and admissibility of the letter is not at issue on appeal.

The loan analyst testified that, based upon the words "CERTIFIED MAIL" and "Return Receipt Requested" typed on the letter, and the barcode on the letterhead, she believed the letter had been sent to Borrowers. She admitted the file did not contain a copy of a return receipt. When asked if it was possible that the letter was created but never actually mailed, the loan analyst stated, "I don't see what would be the point of the servicer taking the time, money, and energy to generate a letter and not mail it out." The loan analyst further testified that although she was "not sure exactly how Saxon does it," she knew that once a borrower is in default, a letter is generated and verified before it is sent out. When asked if the Saxon payment history might reflect the certified mail cost of sending the letter, the loan analyst identified an entry for $7.00 dated one day after the date on the letter and labelled "breach fee." She stated that Ocwen's certified mail cost was $6.53, "[s]o it is similar."

The trial court denied Borrowers' motion for involuntary dismissal, and subsequently entered a final judgment of foreclosure in favor of the Bank.

**Analysis**

We review the denial of a motion for involuntary dismissal de novo. *Deutsche Bank Nat'l Trust Co. v. Huber*, 137 So. 3d 562, 563 (Fla. 4th DCA 2014). An involuntary dismissal is proper when the evidence, viewed in the light most favorable to the non-moving party, fails to establish a prima facie case. *Wells Fargo Bank, N.A. v. Balkissoon,* 183 So. 3d 1272, 1275 (Fla. 4th DCA 2016).

Where there are conditions precedent to filing the foreclosure suit, a bank must prove that it has substantially complied with them. *Ortiz v.*

2

*PNC Bank, Nat'l Ass'n,* 188 So. 3d 923, 925 (Fla. 4th DCA 2016). Along with the note, mortgage, and evidence regarding the outstanding debt on the loan, the default or acceleration letter must be introduced to demonstrate entitlement to foreclosure. *Liberty Home Equity Sols., Inc. v. Raulston,* 206 So. 3d 58, 60 (Fla. 4th DCA 2016). In addition to introducing the letter, the bank must also present competent, substantial evidence that the letter was actually mailed. *Ensler v. Aurora Loan Servs., LLC,* 178 So. 3d 95, 97 (Fla. 4th DCA 2015).

Evidence that a document was drafted is insufficient, standing alone, to establish that it was in fact mailed. *See Burt v. Hudson & Keyse, LLC,* 138 So. 3d 1193, 1195 (Fla. 5th DCA 2014). Rather, the "mailing must be proven by producing additional evidence such as proof of regular business practices, an affidavit swearing that the letter was mailed, or a return receipt." *CitiBank, N.A. for WAMU Series 2007-HE2 Tr. v. Manning,* 221 So. 3d 677, 681 (Fla. 4th DCA 2017) (quoting *Allen v. Wilmington Tr., N.A.,* 216 So. 3d 685, 688 (Fla. 2d DCA 2017)).

If the evidence comes by way of witness testimony, "the witness must have personal knowledge of the company's general practice in mailing letters." *Allen,* 216 So. 3d at 688 (citing *CitiMortgage, Inc. v. Hoskinson,* 200 So. 3d 191, 192 (Fla. 5th DCA 2016)); *accord Spencer v. Ditech Fin., LLC,* 242 So. 3d 1189, 1191 (Fla. 2d DCA 2018). Mere reliance on the boarding process to prove that the notice letter was mailed is insufficient. *See Allen,* 216 So. 3d at 687.

Without personal knowledge on the part of the witness, her testimony was insufficient to establish the letter was mailed. Here, there was no return receipt and no affidavit swearing that the letter was mailed. The loan analyst's testimony was the Bank's *only* evidence that the letter had been mailed to Borrowers. The loan analyst testified that she did not have personal knowledge of Saxon's regular business practices of mailing default letters, and merely opined that it did not make sense "to generate the letter and not mail it out." *See id.* at 688 (finding witness's testimony that "she knew the letter was mailed because it had been created, the account did not contain anything indicating that it was returned as undeliverable, and 'servicers aren't in the habit of generating letters that they don't send'" was insufficient to establish mailing).

The loan analyst also speculated that the $7.00 "breach fee" likely reflected the cost to mail the letter because it was dated the day after the date on the letter, and because the amount was similar to the amount Ocwen pays for certified mail costs. This, too, was insufficient evidence of Saxon's business practices. *See Spencer,* 242 So. 3d at 1190 (finding the

testimony insufficient when the witness merely speculated as to the procedures and policies of the prior servicer based on informal discussions with co-workers who previously worked for the prior servicer).

Finally, we note that the request for a return receipt was typed on the letter, and the barcode on top of the letter was generated at the time of printing the letter. However, this establishes only that the letter was created and printed. Without more, that is insufficient to prove mailing. *See Allen*, 216 So. 3d at 687; *Burt*, 138 So. 3d at 1195.

## Conclusion

While the record contains sufficient evidence that the default letter was produced, neither the letter nor the witness's testimony established mailing. Thus, the Bank failed to prove that it complied with its contractual requirement to mail a notice of default to Borrowers as a condition precedent to foreclosure. Accordingly, we reverse and remand for involuntary dismissal of the action. *See Blum v. Deutsche Bank Tr. Co.*, 159 So. 3d 920, 920-21 (Fla. 4th DCA 2015) (reversing a final judgment of foreclosure and remanding for dismissal based on the bank's failure to prove it complied with the notice requirement by mailing the notice to the defendant).

*Reversed and Remanded for entry of an involuntary dismissal of the action.*

MAY, J. and HILAL, JENNIFER W., Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4