DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GINO ALESSIO,** a/k/a **GINO DAVIDE ALESSIO,** and
**FERNANDA ALESSIO,** a/k/a **FERNANDA LALIA CURY,**
Appellants,

v.

**OCWEN LOAN SERVICING, LLC,**
Appellee.

No. 4D18-793

[May 1, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David E. French, Judge; L.T. Case No. 502009CA035115AJ.

Kendrick Almaguer and Natalie M. Eusebe of The Ticktin Law Group, Deerfield Beach, for appellants.

James H. Wyman of Hinshaw & Culbertson LLP, Coral Gables, for appellee.

WARNER, J.

Appellants challenge a final judgment of foreclosure. They raise several issues, one of which requires reversal. While the trial court concluded that through witness testimony appellee had established its compliance with the provisions of the mortgage that required notice of default to have been mailed to the appellant borrowers prior to acceleration, we disagree that the proof was adequate. In *Torres v. Deutsche Bank National Trust Co.*, 256 So. 3d 903, 905 (Fla. 4th DCA 2018), we explained that where witness testimony is used to prove mailing, the witness must have personal knowledge of the business's general practice in mailing letters. As there was no testimony with respect to personal knowledge of the practices of the entity which allegedly mailed the letter, the evidence was insufficient to prove that appellee complied with the condition precedent. We reverse.

Appellants executed a note and mortgage to IndyMac Bank, F.S.B., in 2007. In 2009, OneWest Bank, F.S.B., brought an action to foreclose the mortgage, alleging that it was the holder of the note and servicer for the

owner of the note, Federal National Mortgage Association. Attached to the complaint was a copy of the promissory note with a blank endorsement from IndyMac. Appellants answered with various affirmative defenses, including OneWest's failure to send a notice of default pursuant to Paragraph 22 of the mortgage, a condition precedent to foreclosure. During the proceedings, Ocwen was substituted as the party plaintiff for OneWest, as it had become the servicer of the loan.

The case proceeded to trial. A senior loan analyst for Ocwen testified. Prior to her employment with Ocwen, which began in 2014, she was employed with OneWest as a default litigation specialist from 2012-2013. The analyst described Ocwen's boarding process, and through her testimony, the note, mortgage, and assignments of mortgage (from IndyMac to One West, and then to Ocwen) were admitted, as well as the loan payment history.

With respect to the notice of default, required by Paragraph 22 of the mortgage, appellee sought to admit the notice that was purportedly sent to the appellants in July 2009. The notice stated that it was from IndyMac Mortgage Services, a division of OneWest. The analyst identified the notice as being maintained in Ocwen's system of records. The trial court admitted the notice as a business record of Ocwen, over the objection of appellants. Appellee's witness also testified that there was no indication from Ocwen's records that the letter was ever returned. During cross-examination, the analyst testified that IndyMac Mortgage Services was a division of OneWest Bank. As to the notice, she testified that she did not have any personal involvement in sending default letters, but OneWest did not utilize a vendor or third party to send out its letters. She had not observed the sending of breach letters by IndyMac Bank, nor was she ever employed by it or had access to its policies and procedures. Ocwen was not involved in sending the default letter to appellants. Appellee's witness did testify that as part of her job description at OneWest, she was trained on how to determine whether a default letter was actually mailed. However, she never described the mail procedure at either IndyMac, OneWest, or Ocwen.

Appellants moved for involuntary dismissal at the end of appellee's case on two grounds, including the lack of evidence that the default letter was actually mailed. The letter itself did not contain any proof that it was mailed, and there was no evidence to establish the regular business practices of IndyMac. Although the letter was boarded, there was no return receipt or mail log showing that it was mailed. The witness did not have personal knowledge of IndyMac's mailing practices; thus, there was no evidence that the lender complied with the condition precedent of

providing notice of the loan's acceleration under Paragraph 22 of the mortgage.

Counsel for Ocwen responded that the witness testified that she was previously employed with OneWest, was familiar with its mailing procedures, and knew how to determine whether documents were mailed by OneWest based on its business records. Based on the witness's review, the notice was sent. The letter was sent by IndyMac, which was a division of OneWest. The court noted that the letter identified IndyMac as a division of OneWest, and the analyst used to be employed with OneWest and understood the nature of its mailing procedures. It therefore denied the motion for involuntary dismissal.

Appellant Gino Alessio testified that he had never received the default letter. Following closing arguments, the court found that appellee had proved its case and entered final judgment of foreclosure. This appeal followed.

This Court reviews de novo the denial of a motion for involuntary dismissal. *Torres v. Deutsche Bank Nat'l Tr. Co.*, 256 So. 3d 903, 905 (Fla. 4th DCA 2018). There must be competent substantial evidence that the lender complied with the conditions precedent to foreclosure under the terms of the mortgage, including the requirement that the notice of default was actually sent to the borrowers. *See PNC Bank Nat'l Ass'n v. Roberts*, 246 So. 3d 482, 485 (Fla. 5th DCA 2018).

Paragraph 22 of the mortgage requires that the lender give the borrower thirty days' notice to cure a default prior to acceleration of the amount due. Paragraph 15 provides that notices to the borrower "shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means." Appellants contend that the evidence was insufficient to prove that the notice was mailed to them.

After the final judgment in this case, this court decided *Torres v. Deutsche Bank National Trust Co.*, 256 So. 3d 903 (Fla. 4th DCA 2018). There, we discussed the requirement for a lender to present sufficient evidence that it actually mailed the default letter to the borrower:

> Where there are conditions precedent to filing the foreclosure suit, a bank must prove that it has substantially complied with them. *Ortiz v. PNC Bank, Nat'l Ass'n*, 188 So. 3d 923, 925 (Fla. 4th DCA 2016). Along with the note, mortgage, and evidence regarding the outstanding debt on the loan, the

3

default or acceleration letter must be introduced to demonstrate entitlement to foreclosure. *Liberty Home Equity Sols., Inc. v. Raulston*, 206 So. 3d 58, 60 (Fla. 4th DCA 2016). In addition to introducing the letter, the bank must also present competent, substantial evidence that the letter was actually mailed. *Ensler v. Aurora Loan Servs., LLC*, 178 So. 3d 95, 97 (Fla. 4th DCA 2015).

Evidence that a document was drafted is insufficient, standing alone, to establish that it was in fact mailed. *See Burt v. Hudson & Keyse, LLC*, 138 So. 3d 1193, 1195 (Fla. 5th DCA 2014). Rather, the "mailing must be proven by producing additional evidence such as proof of regular business practices, an affidavit swearing that the letter was mailed, or a return receipt." *CitiBank, N.A. for WAMU Series 2007-HE2 Tr. v. Manning*, 221 So. 3d 677, 681 (Fla. 4th DCA 2017) (quoting *Allen v. Wilmington Tr., N.A.*, 216 So. 3d 685, 688 (Fla. 2d DCA 2017)).

If the evidence comes by way of witness testimony, "the witness must have personal knowledge of the company's general practice in mailing letters." *Allen*, 216 So. 3d at 688 (citing *CitiMortgage, Inc. v. Hoskinson*, 200 So. 3d 191, 192 (Fla. 5th DCA 2016)); *accord Spencer v. Ditech Fin., LLC*, 242 So. 3d 1189, 1191 (Fla. 2d DCA 2018). Mere reliance on the boarding process to prove that the notice letter was mailed is insufficient. *See Allen*, 216 So. 3d at 687.

*Id.* at 905. In this case, there was no proof of regular business practices or documents admitted to show that the document was actually mailed. The court originally admitted the notice as a business record of Ocwen, but as noted in *Torres*, reliance on the boarding process to prove that the notice was mailed is insufficient. The analyst testified that she had been taught by OneWest to determine whether a default letter was mailed, but she never described that process. As she began working for OneWest in 2012, she did not testify that the process used by IndyMac Mortgage Services in 2009 (when the letter allegedly was sent) was the same process used by OneWest when she commenced work for them three years later. In other words, she had no personal knowledge of the company's general practice in mailing letters as it existed in 2009. In fact, there was no evidence presented of any process of mailing letters of any of the entities involved. *Compare with Roberts*, 246 So. 3d at 486 (finding evidence of the witness's personal knowledge of the routine business practice of the Bank and its vendor regarding the mailing of letters was sufficient to prove

4

mailing where the witness explained that the Bank ordered its letters from the outsourcing vendor, which printed, folded, placed them in window envelopes, sealed them, affixed postage and mailed them first class; the witness also testified that the vendor then provided a report to the Bank showing that the letter was mailed). Thus, there was insufficient evidence that the notice was mailed, and the trial court erred in denying the motion for involuntary dismissal. *See Torres*.

For the foregoing reasons, we reverse the final judgment of foreclosure and remand for dismissal of the action.

GROSS and FORST, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***