DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FIRST PROTECTIVE INSURANCE COMPANY** d/b/a **FRONTLINE INSURANCE,**
Appellant,

v.

**MICHAEL AHERN,**
Appellee.

No. 4D19-956

[August 21, 2019]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE 18-024459.

Jay M. Levy and Ryan L. Marks of Jay M. Levy, P.A., Miami, and Phillip J. Sheehe of Sheehe & Associates, P.A., Miami, for appellant.

Christopher Schirmer of Schirmer Law LLC, Fort Lauderdale, for appellee.

PER CURIAM.

We reverse the circuit court's order denying the appellant insurance company's motion to compel appraisal and remand for an evidentiary hearing on whether appellant waived its right to compel an appraisal.

A factual dispute exists as to whether the appellee homeowner's public adjuster sent a letter to the insurance company demanding an appraisal; the insurance company denies ever receiving such a letter.

As the party relying on waiver, the homeowner has the burden of proving that issue by the greater weight of the evidence. *See Goodwin v. Blu Murray Ins. Agency, Inc.*, 939 So. 2d 1098, 1104 (Fla. 5th DCA 2006). "Waiver is 'the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right.'" *LeNeve v. Via S. Fla., L.L.C.*, 908 So. 2d 530, 535 (Fla. 4th DCA 2005) (quoting *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005)). As it relates to the waiver of the right to an

appraisal, "the primary focus is whether the [party] acted inconsistently with [its] appraisal rights." *Fla. Ins. Guar. Ass'n. v. Branco*, 148 So. 3d 488, 493 (Fla. 5th DCA 2014).

Other than the letter itself, there was no record evidence that the letter was mailed or delivered to the insurance company. Such evidence is insufficient to prove that the appraisal demand was made. *See, e.g., Allen v. Wilmington Tr., N.A.*, 216 So. 3d 685, 687 (Fla. 2d DCA 2017) (explaining that a dated letter does not provide proof that the letter was mailed and a date "simply establishes when it was drafted").

In *Allen*, the second district explained that the notice letter in that case needed to be accompanied by additional proof to establish that it was in fact mailed, "such as a return receipt or mailing log." *Id.* at 688. The court also wrote that "[e]vidence of a company's routine business practices . . . may be sufficient to establish a rebuttable presumption of mailing . . . [but] the witness must have personal knowledge of the company's general practice in mailing letters." *Id.* (citation omitted). Here, there was no such testimony regarding the public adjuster's routine business practices.

Here, a factual dispute between the parties existed: the homeowner stated that the letter was sent, and the insurance company denied receiving the letter. When a factual dispute exists as to whether a party requesting an appraisal complied with its post-loss obligations, the trial court must hold an evidentiary hearing to determine the issue of such compliance. *Citizens Prop. Ins. Corp. v. Gutierrez*, 59 So. 3d 177, 178-79 (Fla. 3d DCA 2011); *see also United Prop. & Cas. Ins. Co. v. Concepcion*, 83 So. 3d 908, 910 (Fla. 3d DCA 2012).

We therefore reverse and remand for an evidentiary hearing.

LEVINE, C.J., GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***