DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BIBI F. GHANI,**
Appellant,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY,** As Trustee For **PFCA HOME EQUITY INVESTMENT TRUST CERTIFICATES, SERIES 2002-IFC2,**
Appellee.

No. 4D19-18

[January 8, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. 15-11209 CACE (11).

Bruce K. Herman of The Herman Law Group, P.A., Fort Lauderdale, for appellant.

Kimberly S. Mello of Greenberg Traurig, P.A., Orlando; and Joseph H. Picone of Greenberg Traurig, P.A., Tampa, for appellee.

PER CURIAM.

Bibi F. Ghani ("the homeowner") appeals a final summary judgment of foreclosure entered in favor of Deutsche Bank National Trust Company, as Trustee for PFCA Home Equity Investment Trust Certificates, Series 2002-IFC2 ("the bank"), raising two issues.  We find merit in the homeowner's argument that the bank failed to prove that it mailed notice of default in accordance with the terms of the mortgage, and we reverse.

In order to prove notice of default, the bank submitted an affidavit of an employee of a subsequent servicer, Ocwen, attesting that notice was mailed.  The affiant explained that Ocwen acquired servicing of the loan from RESCAP and that the loan records were independently verified for accuracy.  A copy of the default letter from GMAC Mortgage was attached to the affidavit.

A mortgagee may not foreclose until it proves compliance with the

material terms of a mortgage contract, including any conditions precedent to suit such as the mailing of a default letter pursuant to paragraph 22. *See CitiBank, N.A. for WAMU Series 2007-HE2 Tr. v. Manning*, 221 So. 3d 677, 681 (Fla. 4th DCA 2017).

"A default letter alone attached to a summary judgment affidavit is insufficient to prove that the letter was mailed." *Rivera v. Bank of N.Y. Mellon*, 276 So. 3d 979, 982 (Fla. 2d DCA 2019). "With regard to the condition precedent . . . [of] the mailing of a breach letter, the 'mailing must be proven by producing additional evidence such as proof of regular business practices, an affidavit swearing that the letter was mailed, or a return receipt.'" *Manning*, 221 So. 3d at 681 (quoting *Allen v. Wilmington Tr., N.A.*, 216 So. 3d 685, 688 (Fla. 2d DCA 2017)). "To use routine business practice to prove mailing, 'the witness must have personal knowledge of the company's general practice in mailing letters.'" *Rivera*, 276 So. 3d at 982 (quoting *Allen*, 216 So. 3d at 688). "Mere reliance on the boarding process to prove that the notice letter was mailed is insufficient." *Torres v. Deutsche Bank Nat'l Tr. Co.*, 256 So. 3d 903, 905 (Fla. 4th DCA 2018).

The bank's affidavit with accompanying default letter was insufficient to establish that the letter was mailed. The affiant did not mention GMAC, let alone profess to have personal knowledge regarding GMAC's general practice of mailing letters. The bank did not submit any other evidence to support a finding that the letter was mailed, such as a return receipt. Because it failed to prove the notice was mailed, the bank failed to prove compliance with conditions precedent to foreclosure.

Consequently, we reverse the final summary judgment of foreclosure, and we remand for further proceedings.

*Reversed and remanded.*

TAYLOR, CIKLIN and KUNTZ, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

2