EDWARDS, J.
Juan Figueroa (“Appellant”) appeals the trial court’s entry of an in rem final judg *1113 ment of foreclosure in favor of Federal National Mortgage Association (“Fannie Mae”). Appellant argues that the trial court erred in denying his motion for involuntary dismissal because Fannie Mae failed to reestablish the lost note, prove its standing to foreclose on the note, prove the amount owed on the note, and did not prove compliance with a condition precedent listed in paragraph 22 of the mortgage. No documents were placed in evidence and the sole witness presented on behalf of Fannie Mae lacked sufficient knowledge to testify with regard to most of the subjects relevant to trial. As there is no competent, substantial evidence to support the judgment, we reverse and order the trial court to involuntarily dismiss the case. We will issue a separate order granting Appellant’s motion for appellate attorney’s fees and costs.
On February 10, 2010, SunTrust Mortgage, Inc., (“SunTrust”) the original plaintiff, filed this foreclosure action, alleging that Appellant had defaulted under the note and mortgage by failing to make -the payment due March 1, 2009, and all subsequent payments. The pleadings were amended repeatedly by both sides, and the case proceeded to trial almost four and a half years later. Fannie Mae was substituted as the plaintiff. The then-active complaint alleged, among other things, the need for plaintiff to reestablish the lost note and mortgage.
On October 7, 2014, a bench trial was held. Jeff Anderson, an employee of Set-erus Incorporated (“Seterus”), was the only witness who testified on behalf of Fannie Mae. Seterus is the loan servicer for Fannie Mae. Anderson never worked for SunTrust. Prior to the direct examination, the trial court asked Anderson the following questions: (i) whether he was familiar with Fannie Mae’s records; (ii) whether Fannie Mae’s records were kept in the ordinary course of its regularly conducted business activity; (iii) whether it was Fannie Mae’s regular practice to make and keep the records; (iv) whether the records were made at or near the time of the event recorded; (v) whether the records were made by someone with knowledge; (vi) whether Anderson reviewed the proposed final judgment and a copy of the note; (vii) whether the amount in the judgment corresponds with the records; and (viii) whether Fannie Mae complied with the condition precedent listed in paragraph 22. Anderson responded in the affirmative to all of the trial court’s questions. During direct examination, Fannie Mae’s counsel simply confirmed with Anderson that there was a power of attorney between Fannie Mae and Seterus. Fannie Mae did not introduce any documents into evidence during trial.
On cross-examination, Appellant questioned Anderson about his personal knowledge regarding SunTrust’s business practices, SunTrust’s standing to foreclose on the note, the amount of indebtedness owed under the note, SunTrust’s compliance with paragraph 22 of the mortgage, and the circumstances surrounding the lost note. At several points throughout the trial, Appellant moved to dismiss the case on the basis that Fannie Mae had failed to establish its prima facie case. Additionally, when Appellant attempted to introduce an exhibit into evidence, the trial court noted that the document was already in “the court file” and did not allow the admission of the evidence.
At the conclusion of trial, the trial court ruled that Fannie Mae established its pri-ma facie case, set a sale date, and subsequently entered an in rem final judgment of foreclosure in favor of Fannie Mae in the amount of $257,906.72.
*1114 Failed Reestablishment of Lost Note
Appellant correctly argues that Fannie Mae failed to reestablish the supposedly lost note. Pursuant to section 673.3091(1), Florida Statutes (2014), a person not in possession of an instrument is entitled to enforce the, instrument if the following conditions are met:
(a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person, who was entitled to enforce the instrument when loss of possession occurred;
(b), The loss of possession was not the result of a transfer by the person or a lawful seizure; and
(c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is riot amenable to service of process. , ;
§ 673.3091(l)(a)-(c), Fla. Stat. (2014). The party seeking to reestablish the note “must prove the terms of the instrument and the [party’s] right to enforce the instrument.”; § 673.3091(2), Fla. Stat. (2014), Additionally, the trial, court must determine that the “person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument.” § 673.3091(2), Fla. Stat. (2014).
On direct examination, not a single question was asked of Anderson about the lost note. On cross-examination, Anderson was unable to confirm that loss of possession was not the result of a transfer or lawful seizure, nor did he have the requisite personal knowledge to testify regarding how the note was lost while in the possession of SunTrust. Anderson testified that at the time the service transferred from SunTrust to Seterus in October 2013, the note was not in the file. According to Anderson, Seterus’ service department contacted SunTrust and Sun-Trust searched for the note and could not find it. SunTrust then completed a lost note affidavit.
To reestablish a lost note, the party seeking to enforce the note may introduce a sworn affidavit asserting that the party “was in possession of the note and was entitled to enforce it when the loss of possession occurred; the loss of the note was not the result of a transfer or lawful seizure; and [the bank] cannot reasonably obtain possession of the note because of the loss.” Branch Banking & Trust Co. v. S & S Dev., Inc., No. 8:13-cv-1419-T-30TGW, 2014 WL 2216703 at *2 (M.D.Fla. May 28, 2014) (citing Cherry v. Chase Manhattan Mortg. Corp., 190 F.Supp.2d 1330, 1336 (M.D.Fla.2002)). The affidavit of lost note was attached to Fannie Mae’s verified amended complaint, but it was not offered or received into evidence.
Appellant also correctly contends that the note cannot be enforced because there was insufficient testimony regarding the terms of the note. A copy of the allegedly lost note was identified by Anderson during his cross-examination testimony; however,- the document was not introduced- into evidence. “A document that was identified but never admitted into evidence as an exhibit is not competent evidence to support a judgment.” Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 So.3d 280, 281-82 (Fla. 2d DCA 2014) (citing Correa v. U.S. Bank Nat’l Ass’n, 118 So.3d 962, 965 (Fla. 2d DCA 2013)). Accordingly, Fannie Mae did not properly reestablish the lost note.
*1115 Lack of Standing
A “de novo standard of review applies when reviewing whether a party has standing to bring an action.” Boyd v. Wells Fargo Bank, N.A., 143 So.3d 1128, 1129 (Fla. 4th DCA 2014) (citations omitted). “A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose.” McLean v. JP Morgan Chase Bank Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012) (citations omitted). To establish standing, the party seeking to enforce the note “must present evidence that it owns and holds the note and mortgage in question ...” Servedio v. U.S. Bank Nat’l Ass’n, 46 So.3d 1105, 1107 (Fla. 4th DCA 2010) (citing Lizio v. McCullom, 36 So.3d 927, 929 (Fla. 4th DCA 2010)). Additionally, a “party must have standing to file suit at its inception and may not remedy this defect by subsequently obtaining standing.” Venture Holdings & Acquisitions Grp., LLC v. A.I.M Funding Grp., LLC, 75 So.3d 773, 776 (Fla. 4th DCA 2011) (citations omitted).
Fannie Mae. failed to demonstrate standing to foreclose. Prior to trial, SunTrust filed several different versions of the note, assignments, and allonge. However, Fannie Mae did not introduce into evidence any version of the alleged lost note, the allonge, or any of the assignments. Even if a copy of the note had been received into evidence, the blank endorsement attached to one copy of the note placed in the court file by Fannie Mae would be insufficient to establish standing at the commencement of suit because the endorsement is undated and cannot be used to prove that SunTrust had standing to sue when this suit was initially filed. See, e.g., Green v. JP Morgan Chase Bank, N.A., 109 So.3d 1285, 1288 (Fla. 5th DCA 2013) (“Within the original note, the indorsement in blank did not establish that the Bank had the. right to enforce the note when it filed suit, because the indorsement was undated.” (citations omitted)).
The allonge, which contains an undated endorsement to SunTrust from SunTrust as power of attorney for Global Mortgage, Inc., would not have been sufficient had it been introduced into evidence as there was no evidence or testimony presented to establish the existence of a power of attorney relationship between SunTrust and Global. Fannie Mae additionally filed an assignment of mortgage from Global Mortgage, Inc. to SunTrust dated September 21, 2010; however, this assignment, which was not introduced .into evidence; was dated seven months after the complaint was filed and .was, thus, insufficient to establish standing.
Fannie Mae was required to “tender the original promissory note to the trial court or seek to reestablish the lost note under section 673.3091” in. order to establish standing. Gee v. U.S. Bank Nat’l Ass’n, 72 So.3d 211, 213 (Fla. 5th DCA 2011) (citing State St. Bank & Trust Co. v. Lord, 851 So.2d 790, 791 (Fla. 4th. DCA 2003)). As Fannie Mae did not tender the original note and did not properly reestablish the note, it failed to demonstrate that the original plaintiff, SunTrust, had standing to foreclose on the note on the date the initial complaint was filed. See Lacombe v. Deutsche Bank Nat’l Trust Co., 149 So.3d 152, 156 (Fla. 1st DCA 2014) (“Absent evidence of the plaintiffs standing, the final judgment must be reversed.”).
No Proof of Amount Owed on the Note
“It is axiomatic that the party seeking foreclosure must present sufficient evidence to prove the amount owed on the. note.” Wolkoff, 153 So.3d at 281. “Typically,. a foreclosure plaintiff proves the amount of indebtedness through the testimony of a competent witness who can *1116 authenticate the mortgagee’s business records and confirm that they accurately reflect the amount owed on the mortgage. Thereafter, the business records are admitted into evidence.” Id.
In the instant case, Fannie Mae did not introduce its business records into evidence. Thus, we do not need to discuss whether Fannie Mae’s sole witness,Anderson, really had sufficient knowledge to lay the business records foundation for the loan documents pursuant to section 90.803(6), Florida Statutes (2014). Appellant relies on Wolkoff for support of his argument that Fannie Mae did not present sufficient evidence to prove the amount owed on the note. In Wolkoff, the loan servicer “attempted to prove the amount óf indebtedness by presenting [its witness] with a proposed final judgment — ” Wol-koff, 153 So.3d at 281. The proposed final judgment was not admitted into evidence. Id. The Second District Court found that “[t]he mortgage payment history records introduced through [the servicer’s witness) were incomplete, out of date, and failed to reflect the current debt owed on the mortgage” and that “[t]here was no testimony or evidence to. support the award of interest, taxes, property .inspections, property evaluations, or attorney’s fees.” Id. at 282. Accordingly, the Court held that the final judgment of foreclosure must be reversed. Id.
' Here, in response to the trial court’s inquiry, Anderson confirmed that he reviewed the proposed final judgment in this case and that the amount listed in the proposed final judgment is consistent with the records. However, here, as in Wol-koff, Fannie Mae did not introduce the proposed final judgment into evidence. Remarkably, Fannie Mae also did not introduce any documents, such as the loan payment history, which reflect the current debt owed under the note. Likewise, there was no testimony or ■ documentary evidence at trial regarding or supporting the award of interest, taxes, property inspections, property evaluations, or attorney’s fees, aside from Anderson’s testimony that the figures were accurate and came from Fannie Mae’s business records. Those business records were not introduced into evidence.. Therefore, Fannie Mae did not establish the amount Appellant supposedly owed.
Failure to Prove Compliance with Condition Precedent
Before filing suit to foreclose, mortgage lenders are required to give written notice to the borrower that the loan is in default and the debt is being accelerated, how to cure the default by paying a specified amount, providing at least thirty days within which to cure, and other important information. This is often referred to as a default letter. See, e.g., Gorel v. Bank of New York Mellon, 165 So.3d 44, 47 (Fla. 5th DCA 2015). Paragraph 22 of the subject mortgage requires the lender to send such a default letter. The subject mortgage provides that all notices to the borrower, which would include the default letter, must either be sent by first class mail or actually delivered to Appellant. “[A] mortgagee’s right to the security for a mortgage is dependent upon its compliance with the terms of the mortgage contract, and it cannot foreclose until it has proven compliance.” Id. (alteration in original) (quoting DiSalvo v. SunTrust Mortg., Inc., 115 So.3d 438, 439 (Fla. 2d DCA 2013)). Fannie Mae’s only witness, Anderson, testified about a variety of things that he had learned from reviewing the various companies’ business documents as they related to providing Appellant with the notice of default as required by paragraph 22. However, once again, Fannie Mae failed to offer into evidence any document purporting to be the *1117 default letter or a copy of the letter. Thus, there was no proof that the default letter, even if it was sent, complied with the requirements of paragraph 22. Furthermore, Anderson could not confirm that the default letter was mailed via first class. Additionally, Anderson had no knowledge as to whether Appellant actually received the default letter. Accordingly, Fannie Mae failed to prove compliance with that condition precedent.
Involuntary Dismissal Mandated
Fannie Mae failed to reestablish the note, prove standing, the amount owed on the note, and compliance with the conditions precedent in the mortgage. The record does not contain competent, substantial evidence to support the final judgment of foreclosure. Thus, the trial court erred by refusing to grant Appellant’s multiple motions for involuntary dismissal. “[Ajppellate courts do not generally provide parties with an opportunity to retry their case upon a failure of proof.” Wolkoff, 153 So.3d at 283 (quoting Correa, 118 So.3d at 956 (“When a party seeking monetary damages fails to establish an evidentiary basis for the damages ultimately awarded at trial, reversal for entry of an order of dismissal is warranted.” (citations omitted))).
Therefore, we reverse the final judgment and remand to the trial court for entry of an order of involuntary dismissal in favor of Appellant.
REVERSED and REMANDED.
ORFINGER and COHEN, JJ., concur.