IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HERBERT L. HALL AND JULIA A. HALL,

  Appellants,

 v.           Case No.  5D15-765

ALS VII RVC, LLC, ET AL.,

  Appellees.

_____/

Opinion filed October 14, 2016

Appeal from the Circuit Court
for Volusia County,
Sandra C. Upchurch, Judge.

Kelley A. Bosecker, St. Petersburg, for
Appellants.

Heidi J. Bassett and David Rosenberg, of
Robertson, Anschutz & Schneid, P.L., Boca
Raton, for Appellee ALS VII, RVC,LLC.

No appearance for other Appellees.


PALMER, J.

  Herbert and Julia Hall (the borrowers) appeal the final foreclosure judgment

entered by the trial court against them and in favor of ALS VII RVC, LLC (the lender).

Determining that the lender failed to prove its case at trial, we reverse.

EMC Mortgage Corporation (the predecessor lender) filed a mortgage foreclosure complaint against the borrowers. Among other things, the complaint averred that the lender had complied with all of the required terms and conditions in the mortgage, including the issuance of a default notice to the borrowers prior to filing the complaint. The borrowers filed an answer denying liability and asserting several affirmative defenses. Of importance to this appeal, the borrowers alleged that the lender had failed to provide them with a notice of default before filing the instant lawsuit. The matter proceeded to trial. Upon review of the evidence presented, the trial court entered a foreclosure judgment against the borrowers. This appeal timely followed.

The borrowers contend that the trial court erred in denying their motion for entry of an involuntary dismissal. We agree.

In a mortgage foreclosure action, the lender cannot obtain a foreclosure judgment until it has proven its compliance with the terms of the mortgage. Figueroa v. Fed. Nat'l Mortg. Ass'n, 180 So. 3d 1110, 1116 (Fla. 5th DCA 2015). For example, "[w]hen a mortgage contains a provision that requires the lender to send notice to the borrower, the lender must establish that it complied with . . . [said] . . . provision or that the borrower received such notice." Martins v. PNC Bank, Nat'l Ass'n, 170 So. 3d 932, 936 (Fla. 5th DCA 2015).

Paragraph 22 of the instant mortgage set forth conditions precedent requiring the lender to provide notice to the borrowers of their default, of what action was required by the borrowers to cure the default, of the date by which the default was required to be cured, and of the fact that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the mortgage, foreclosure by

2

judicial proceeding, and sale of the property. At trial, only one witness testified: the "authorized lender representative." When counsel for the lender questioned the witness about the date the default letter was mailed to the borrowers, he responded that one of the lender's documents indicated that a default letter was sent on October 11, 2007. Counsel for the borrowers then questioned him as follows:

> Q. [H]ave you seen a copy of the default letter that was allegedly sent to my client?
> A. No. I haven't seen a copy of the default letter.
> Q. So you don't know what the default letter said?
> A. I have not seen a copy of the default letter.
> Q. Okay. So all we know is that your records indicate that on a specific date, a default letter was allegedly sent, but we don't have access to a copy of that document?
> A. Yes. Pursuant to the loan documents, a default letter was required to be sent. My business records indicate that the letter was sent predating the complaint.

At the close of evidence, the borrowers sought the entry of an involuntary dismissal, arguing that the lender had failed to prove that a proper default notice had been sent to the borrowers. The trial court denied the motion. The borrowers challenge the court's ruling, arguing that the record demonstrates that the lender failed to prove that a proper notice of default was sent to the borrowers. We agree.

In Figueroa, the borrower appealed the trial court's final judgment of foreclosure entered in favor of Fannie Mae. 180 So. 3d at 1112. At trial, Fannie Mae failed to offer into evidence any document purporting to be the default letter or a copy of the letter. Id. at 1116-17. The borrower argued that the trial court erred in denying his motion for an involuntary dismissal because Fannie Mae failed to prove its compliance with the notice requirement in paragraph 22 of his mortgage. On these facts, we held that, since Fannie

3

Mae did not prove that the default letter complied with the requirements of paragraph 22, the trial court erred in failing to enter an involuntary dismissal order. Id. at 1116–17.

Here, as in Figueroa, the record lacks competent, substantial evidence to support the final judgment of foreclosure. Accordingly, the instant foreclosure judgment is reversed and this matter remanded to the trial court for entry of an order of involuntary dismissal.

REVERSED AND REMANDED.

EVANDER and COHEN, JJ., concur.