IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BONAFIDE PROPERTIES, LLC AS
TRUSTEE ONLY, UNDER THE 8703
ATHENA CT. LAND TRUST,

      Appellant,

 v.                                Case No.  5D16-136

E-TRADE BANK, GENE R. BELDEN,
MARIE G. HARRINGTON, SUNTRUST
BANK AND BELLECHASSE MASTER
HOMEOWNERS ASSOCIATION, INC.,

      Appellees.

_____/

Opinion filed February 3, 2017

Appeal from the Circuit Court
for Marion County,
Victor J. Musleh, Senior Judge.

Heather A. DeGrave, of Walters Levine, P.A.,[1] Tampa, for Appellant.

Daniel S. Mandel, Melisa Manganelli, and Matthew Leider, of Law Offices of Mandel, Manganelli & Leider, P.A., Boca Raton, for E-Trade Bank, Appellee.

No Appearance for other Appellees.

EDWARDS, J.

---

[1] By an order dated November 17, 2016, counsel for Appellant was permitted to withdraw as counsel after the briefing was completed.

This is an appeal from a final judgment of foreclosure, in which Bonafide Properties, LLC ("Appellant"), asserts, *inter alia*, that E-Trade Bank ("E-Trade") lacked standing. E-Trade relied upon an assignment of the mortgage that it made to itself as attorney-in-fact for BAC Home Loans Servicing, LP ("BAC"), a prior holder of the note and mortgage. We find that E-Trade failed to prove that it had authority to assign the mortgage to itself; therefore, the trial court erred by denying Appellant's motion for involuntary dismissal. Accordingly, we reverse.

The original note and mortgage were executed in 2006 by Gene Belden and Marie Harrington ("borrowers") in favor of Countrywide Home Loans, Inc. ("Countrywide"). The note contained an undated indorsement in blank from Countrywide. In 2009, Mortgage Electronic Registration System, Inc. ("MERS"), as nominee for Countrywide, assigned the mortgage "together with the note and each and every other obligation described in said mortgage and the money due and to become due thereon" to BAC.

In 2010, BAC instituted a foreclosure action against the borrowers and filed the original note and mortgage with the court. BAC dismissed that action without prejudice in August 2012. In 2013, Bayview Loan Servicing, LLC ("Bayview"), the servicer of the loan since December 2011, sent a notice of default and intent to accelerate to the borrowers.

In May 2014, E-Trade filed its verified foreclosure complaint together with copies of the note, mortgage, and an assignment of the mortgage purportedly from BAC to E-Trade. The assignment was executed by E-Trade as attorney-in-fact for BAC. Appellant contested the validity of the assignment in its motion to dismiss and in its answer on the basis that there was no power of attorney attached to or alleged in the complaint.

2

At the beginning of the trial, the parties indicated that the only issues to be resolved were standing and the amount of damages. E-Trade presented one witness, Juan Pesantes, a litigation manager employed by Bayview. Over Appellant's objections, E-Trade used Pesantes' testimony to introduce into evidence the original note and mortgage, copies of the mortgage assignments, notice of default, a power of attorney between E-Trade and Bayview, the servicing agreement between E-Trade and Bayview, and the loan payment history. Appellant moved for an involuntary dismissal, asserting that the assignment of the mortgage from BAC to E-Trade was invalid because there was no evidence that E-Trade had authority to assign the mortgage to itself. The trial court denied the motion and entered a final judgment of foreclosure in favor of E-Trade.

Appellant argues that the assignment of the mortgage was insufficient to establish standing and was invalid because E-Trade did not establish by competent substantial evidence that it had the authority to transfer the mortgage to itself on behalf of BAC. "A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012) (citations omitted). "A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." *Focht v. Wells Fargo Bank, N.A.*, 124 So. 3d 308, 310 (Fla. 2d DCA 2013) (citing *McLean*, 79 So. 3d at 173). "Absent evidence of the plaintiff's standing, the final judgment *must* be reversed." *Lacombe v. Deutsche Bank Nat'l Trust. Co.*, 149 So. 3d 152, 156 (Fla. 1st DCA 2014) (emphasis added).

Here, E-Trade did not introduce any evidence at trial establishing that it was the attorney-in-fact for BAC. The evidence only established the existence of a power of attorney relationship between E-Trade and Bayview. Because Appellant raised the issue in its initial motion to dismiss, its answer, and again during trial, E-Trade was required to establish that it did, in fact, have the authority to convey the mortgage from BAC to itself. *See Figueroa v. Federal Nat'l Mtg. Ass'n.*, 180 So. 3d 1110, 1115 (Fla. 5th DCA 2015).

E-Trade's standing depended upon proof that the assignment from BAC to E-Trade was valid; thus, its lack of proof on that point was fatal to E-Trade's right to foreclose. *Id.* Accordingly, the trial court reversibly erred by failing to grant Appellant's motion for involuntary dismissal. We have carefully considered, but need not discuss, the remaining issues raised by the parties as the resolution of the standing issue requires remand for entry of an involuntary dismissal.

REVERSED and REMANDED, with INSTRUCTIONS.

PALMER and ORFINGER, JJ., concur.