IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PNC BANK NATIONAL ASSOCIATION,

      Appellant,

v.                                         Case No.  5D16-3341

COURTNEY ROBERTS AND CAROL ROBERTS,

      Appellees.

_____/

Opinion filed April 27, 2018

Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

William L. Grimsley, N. Mark New, II,
Kimberly Held Israel and Gabriel M.
Hartsell, of McGlinchey Stafford,
Jacksonville, for Appellant.

Michael A. Saracco, of Saracco Law,
Cocoa, for Appellees.

PER CURIAM.

      PNC Bank National Association (Bank) appeals the involuntary dismissal of its

foreclosure complaint against Courtney and Carol Roberts (Borrowers), after the trial

court found that Bank failed to produce competent, substantial evidence showing it

complied with the condition precedent to acceleration and foreclosure in paragraph 22 of

the mortgage.  Paragraph 22 required Bank to send Borrowers a notice informing them

that the loan was in default at least thirty days before accelerating the loan. Because Borrowers' affirmative defense that the acceleration letters were not mailed was waived, and Bank offered competent, substantial evidence that the acceleration letters were mailed, we reverse.

On August 23, 2002, Borrowers executed a promissory note in the amount of $509,900 in favor of Fidelity Federal Bank & Trust[1] to fund construction of a new home. The note was secured by a mortgage on the property in favor of Fidelity Federal Bank & Trust. Borrowers later obtained an additional $284,100 in loans from National City Mortgage Co., after which the parties agreed to a mortgage modification agreement increasing the principal due on the note and mortgage to $794,000.

In 2009, Borrowers defaulted on the loan. As a result, on January 7, 2010, Bank sent Borrowers two acceleration letters[2] stating that the loan was in default because Borrowers had missed the payment due on September 1, 2009, and all subsequent payments. The letters gave Borrowers until February 6, 2010, to cure the default. When Borrowers failed to cure the default, Bank filed its complaint to foreclose the mortgage.

In their amended answer, Borrowers generally denied all of the allegations in the foreclosure complaint and specifically denied that Bank complied with the conditions precedent to accelerate the loan. They raised twenty-seven affirmative defenses, the fourth of which stated:

---

[1] On April 14, 2007, Fidelity Federal Bank & Trust merged with National City Mortgage Co. On October 1, 2008, National City Mortgage Co. merged with National City Bank. National City Bank was acquired by Bank on November 6, 2009.

[2] One acceleration letter was addressed to Courtney Roberts and the other was addressed to Carol Roberts.

> As a fourth affirmative defense, defendant states that plaintiffs failed to perform conditions precedent to the initiation of this action and or for acceleration of payment allegedly due. As a result, defendant has been denied a good faith opportunity, pursuant to the mortgage and the servicing obligations of the plaintiff to avoid acceleration and this foreclosure. More specifically, Plaintiff has failed to perform conditions precedent by failing to comply with paragraph 22 of the subject mortgage and failing to comply with the notice requirements in the mortgage.

Thereafter, Bank sought to obtain more information about Borrowers' fourth affirmative defense through an interrogatory that asked Borrowers to "state all facts that support [y]our fourth affirmative defense that there has been a failure of conditions precedent." Borrowers responded to the interrogatory by stating under oath, "[t]he note was cancelled and no conditions precedent exist." Another interrogatory requested the factual basis for all of the twenty-seven affirmative defenses. Borrowers responded with only the short notation, "[p]aid + cancelled note."

Bank argues that Borrowers waived their fourth affirmative defense with these interrogatory responses. "A litigant may abandon any defense he elects to abandon, and the defendant in a civil suit may waive any right he chooses, generally simply by never asserting it." State v. Fla. Nat'l Props., Inc., 338 So. 2d 13, 19 (Fla. 1976) (Hatchett, J., concurring, in part, and dissenting, in part). For instance, affirmative defenses can be waived if they are not listed in the pretrial order or through a statement to the jury during closing arguments. Cooke v. Ins. Co. of N. Am., 652 So. 2d 1154, 1156 (Fla. 2d DCA 1995); Vendola v. S. Bell Tel. & Tel. Co., 474 So. 2d 275, 279–80 (Fla. 4th DCA 1985). Moreover, while there is no Florida case law on waiver of defenses through interrogatory responses, other states that have addressed the issue have found that interrogatory responses made under oath are binding and can waive a defense. See Young v. Guild,

3

7 So. 3d 251, 261–62 (Miss. 2009) ("Young's denial in her discovery response was binding on her; she waived her right to an apportionment instruction."); Coho Res., Inc. v. McCarthy, 829 So. 2d 1, 24 (Miss. 2002) (holding that failure to identify other tortfeasors in response to interrogatory requesting identity of any parties defendant believed caused the accident waived right to apportion fault to another tortfeasor); Allstate Indem. Co. v. Brown, 696 N.E.2d 92, 97 (Ind. Ct. App. 1998) (finding waiver of issue on "consent to sue" clause in insurance contract because insurer's "complaints and its responses to interrogatories gave [plaintiff] no reason to believe that he had failed to comply with the policy terms" (citing Indiana Ins. Co. v. Noble, 265 N.E.2d 419, 435 (Ind. App. 1970))). We see no reason to hold differently here and conclude Borrowers' assertion that "no conditions precedent exist" in their answer to Bank's interrogatory waived their fourth affirmative defense. Thus, the trial court should not have considered it.

Waiver notwithstanding, Bank presented competent, substantial evidence at trial that it complied with paragraph 22 of the mortgage. Paragraph 22 requires Bank to send Borrowers a written acceleration letter informing them "that the loan is in default and the debt is being accelerated, how to cure the default by paying a specified amount, providing at least thirty days within which to cure, and other important information." Figueroa v. Fed. Nat'l Mortg. Ass'n, 180 So. 3d 1110, 1116 (Fla. 5th DCA 2015). Under paragraph 15 of the mortgage, the acceleration letter must be sent by first-class mail or be actually delivered to Borrowers at the property address or, if designated, their notice address. Id. A rebuttable presumption of receipt arises if it is sent by first-class mail. See Progressive Express Ins. Co. v. Camillo, 80 So. 3d 394, 402 (Fla. 4th DCA 2012) ("Proof of mailing of

4

a document to the correct address creates a presumption that the item mailed was, in fact, received.").

In addition to admitting the acceleration letter into evidence, there must also be competent, substantial evidence that the acceleration letters were actually sent to Borrowers. See Ensler v. Aurora Loan Servs., LLC, 178 So. 3d 95, 97 (Fla 4th DCA 2015). "[M]ailing must be proven by producing additional evidence such as proof of regular business practices, an affidavit swearing that the letter was mailed, or a return receipt." Allen v. Wilmington Tr., N.A., 216 So. 3d 685, 688 (Fla. 2d DCA 2017) (citing Burt v. Hudson & Keyse, LLC, 138 So. 3d 1193, 1195 (Fla. 5th DCA 2014)).

Bank successfully admitted into evidence copies of the acceleration letters and the payoff statement as of November 2015. It also presented the testimony of its default loan specialist and mortgage officer, Dorothy Thomas, who had worked for Bank since 2009.[3] Thomas testified that she obtained copies of the acceleration letters from Bank's archival system and reviewed them for accuracy. She testified that Bank, through a person with knowledge, created the acceleration letters at or near the time of the event reflected in the letter in the ordinary course of business and that the letter was kept in the normal course of business.

Thomas testified that Bank creates the letter by ordering it from an outsourcing vendor named Venture, which prints the acceleration letters, folds them, places them in a window envelope, seals the envelopes, affixes postage, and mails them by first-class mail. Venture then provides Bank a report showing which letters were mailed.

---

[3] Prior to working for Bank, Thomas spent seventeen years working for National City Bank.

While the dates on the acceleration letters are evidence only as to when the letters were drafted and do not show whether or when they were sent, see Allen, 216 So. 3d at 687–88 (citing Burt, 138 So. 3d at 1195), Thomas's personal knowledge of Bank's and Venture's routine business practices and policies for acceleration letters mailed in 2010, when the pertinent acceleration letters were mailed, coupled with the admission of the acceleration letters, constitutes competent, substantial evidence that the acceleration letters were actually mailed to Borrowers in this case.[4] § 90.406, Fla. Stat. (2009); Brown v. Giffen Indus., Inc., 281 So. 2d 897, 899–900 (Fla. 1973); CitiBank, N.A. for WAMU Series 2007-HE2 Tr. v. Manning, 221 So. 3d 677, 681-82 (Fla. 4th DCA 2017); Allen, 216 So. 3d at 688 (citing CitiMortgage, Inc. v. Hoskinson, 200 So. 3d 191, 192 (Fla. 5th DCA 2016)); State Farm Fire & Cas. Co. v. Higgins, 788 So. 2d 992, 1007 (Fla. 4th DCA 2001) (citing Best Meridian Ins. Co. v. Tuaty, 752 So. 2d 733, 735 (Fla. 3d DCA 2000)). The trial court erred in concluding otherwise.

Accordingly, we reverse the final judgment entered in favor of Borrowers and remand for entry of final judgment in favor of Bank.

REVERSED and REMANDED.

SAWAYA, BERGER and WALLIS, JJ., concur.

---

[4] Additionally, Borrowers can show no prejudice because there is no evidence they attempted to cure the default at any point. See Gorel v. Bank of N.Y. Mellon, 165 So. 3d 44, 47 (Fla. 5th DCA 2015) (citing Allstate Floridian Ins. Co. v. Farmer, 104 So. 3d 1242, 1248–49 (Fla. 5th DCA 2012)).