DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEUTSCHE BANK NATIONAL TRUST COMPANY**, as Trustee for
**MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-NC3**,
Appellant,

v.

**STEVE SMITH** and **ALTHEA SMITH**,
Appellees.

No. 4D18-2265

[July 17, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry Stone, Judge; L.T. Case No. CACE 13-021846.

Kimberly S. Mello and Vitaliy Kats of Greenberg Traurig, P.A., Tampa, for appellant.

Samuel D. Lopez of Samuel D. Lopez, P.A., Pembroke Pines, for appellees.

DAMOORGIAN, J.

Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-NC3 ("the Bank"), appeals the involuntary dismissal of its foreclosure action. We reverse.

In September 2013, the Bank filed a foreclosure action against Steve and Althea Smith ("Borrowers") that also included a count to reestablish and enforce a lost note. Attached to the complaint was a copy of the lost note identifying New Century Mortgage Corporation as the original lender. The note contained no indorsements. The Bank also attached to its complaint two assignments of mortgage dated January 27, 2010. The first assignment showed that the mortgage together with the note was assigned from the original lender to Morgan Stanley Mortgage Capital Holdings ("Morgan Stanley"). A representative of HomEq Servicing signed the first assignment as attorney-in-fact for the original lender. The second assignment showed that the mortgage together with the note was assigned from Morgan Stanley to the Bank. The same HomEq representative signed the second assignment as attorney-in-fact for Morgan Stanley.

In 2015, the Bank filed with the court another copy of the lost note. Unlike the copy attached to the original complaint, this copy contained an undated, special indorsement from the original lender to Morgan Stanley. There was also an allonge to the note which contained an undated, special indorsement from Morgan Stanley to the Bank.

Borrowers answered the complaint and raised several affirmative defenses, including lack of standing and fraud on the court. Both of those defenses alleged that the assignments of mortgage attached to the complaint were fraudulent in that there was no accompanying power of attorney evidencing HomEq's relationship with the original lender.

The matter ultimately proceeded to a bench trial where the Bank presented its case through the testimony of Sony Prudent ("the witness"), a senior loan analyst for the Bank's current servicer. Through the witness, the Bank introduced into evidence the copy of the note containing the series of indorsements ending in a special indorsement to the Bank. The witness testified that the original note could not be located despite a diligent search and that no other entity but the Bank was entitled to enforce the original note. The witness did not know when the indorsements were placed on the note.

The Bank also introduced into evidence, *without objection*, certified copies of the two assignments of mortgage. The witness testified that the assignments predated the filing of the complaint and transferred Borrowers' mortgage and note from the original lender to Morgan Stanley and then from Morgan Stanley to the Bank. The witness further confirmed that the assignments reflected that HomEq, the servicer of the loan at the time the assignments were executed, was acting as attorney-in-fact for both the original lender and Morgan Stanley. The witness, however, had no documentation or personal knowledge as to whether HomEq had the authority to execute the assignments of mortgage.

After the Bank rested, and without presenting any evidence of their own, Borrowers moved for involuntary dismissal on the basis that the Bank failed to prove that it was entitled to enforce the lost note. Specifically, Borrowers argued that by failing to introduce a power of attorney showing that HomEq was authorized to execute the assignments of mortgage, the Bank could not demonstrate a valid chain of transfers. After hearing argument on the issue, the court involuntarily dismissed the Bank's action for lack of standing pursuant to *Bonafide Properties, LLC v. E-Trade Bank*, 208 So. 3d 1279 (Fla. 5th DCA 2017). This appeal follows.

It is well established that "a plaintiff in a foreclosure action must establish its standing both at the time the complaint was filed and when judgment is entered." *Spicer v. Ocwen Loan Servicing, LLC*, 238 So. 3d 275, 278–79 (Fla. 4th DCA 2018). One way a foreclosure plaintiff may establish standing is by proving that the borrower's note is lost and that the plaintiff is entitled to enforce the lost note pursuant to section 673.3091, Florida Statutes. § 673.3011(3), Fla. Stat. (2013). Section 673.3091, Florida Statutes, sets forth the requirements for enforcement of a lost note and provides:

> (1) A person not in possession of an instrument is entitled to enforce the instrument if:
>
> (a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
>
> (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
>
> (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

§ 673.3091(1), Fla. Stat. (2013). At issue in this case is the requirement of subsection 673.3091(1)(a).

Here, in addition to introducing the witness's testimony that no other entity but the Bank was entitled to enforce the lost note, the Bank also introduced into evidence, *without objection*, the two assignments of mortgage. These assignments, which predated the filing of the complaint, showed that the mortgage together with the note was transferred from the original lender to Morgan Stanley and then from Morgan Stanley to the Bank. This otherwise uncontradicted, unbroken chain of assignments, coupled with the witness's testimony, was more than sufficient to establish a prima facie case to reestablish the lost note and establish the Bank's standing to foreclose. *See Hines v. New Urban Pine Rd. LLC*, 239 So. 3d 750, 751 (Fla. 3d DCA 2018) (plaintiff bank met its burden of reestablishing the lost note by presenting an uncontradicted, unbroken chain of assignments and witness testimony); *see also Nationstar Mortg., LLC v. Marquez*, 180 So. 3d 219, 221 (Fla. 3d DCA 2015).

The trial court nonetheless involuntarily dismissed the Bank's action pursuant to the Fifth District's holding in *Bonafide*. In that case, E-Trade instituted a foreclosure action and attached to its complaint an assignment of mortgage from BAC, the purported previous holder of the note, to E-Trade. 208 So. 3d at 1280. The document was executed by E-Trade as attorney-in-fact for BAC. *Id.* At trial, E-Trade relied upon the assignment of mortgage to establish its standing to foreclose. *Id.* at 1281. The defendant ultimately moved for an involuntary dismissal, arguing that the assignment of mortgage from BAC to E-Trade was invalid in that there was no evidence that E-Trade had authority to assign the subject mortgage and note to itself. *Id.* The court denied the motion and entered final judgment in favor of E-Trade. *Id.*

In reversing the final judgment, the Fifth District held that E-Trade's failure to introduce any evidence at trial establishing that it was the attorney-in-fact for BAC was fatal to E-Trade's right to foreclose. *Id.* The reason being that E-Trade's standing depended upon proof that the assignment of mortgage from BAC to E-Trade was valid. *Id.* The court further held that because the defendant raised the issue in its answer and during trial, E-Trade was required to establish that it had the authority to convey the mortgage and note from BAC to itself. *Id.*

Due to the posture of the instant case, this Court need not address the applicability of the holding in *Bonafide*. Unlike *Bonafide* which involved an appeal from a *final judgment* of foreclosure, the instant case involves an appeal from an order of *involuntary dismissal*. The distinction is significant because in moving for involuntary dismissal, "'the movant admits the truth of all facts in evidence and every reasonable conclusion or inference' that can be drawn from the evidence favorable to the non-moving party." *Luciani v. Nealon*, 181 So. 3d 1200, 1202 (Fla. 5th DCA 2015) (quoting *Day v. Amini*, 550 So. 2d 169, 171 (Fla. 2d DCA 1989)). The trial court, in turn, "must view the evidence in the light most favorable to the plaintiff and it may not consider the credibility of the witnesses or the weight of the evidence in ruling on the motion for involuntary dismissal." *Nationstar Mortg., LLC v. Kee Wing*, 210 So. 3d 216, 218 (Fla. 5th DCA 2017) (internal citation omitted). "Further, the trial court should not consider whether the claimant has met his burden of proof, but rather should determine only whether the claimant has submitted a prima facie case." *Sea Tower Apartments, Inc. v. Century Nat'l Bank*, 406 So. 2d 69, 70 (Fla. 4th DCA 1981).

Thus, in moving for involuntary dismissal, Borrowers were required to admit as truth all of the facts in evidence, including the representations made in the assignments of mortgage that HomEq was acting as the

attorney-in-fact for the original lender and Morgan Stanley. Borrowers were likewise required to admit as truth every reasonable conclusion or inference that could be drawn from the assignments of mortgage favorable to the Bank, including that HomEq indeed had the authority to execute the assignments. The trial court, in turn, was required to view the evidence in the light most favorable to the Bank without considering the credibility or weight of the evidence or whether the Bank met its ultimate burden of proof. By involuntarily dismissing the Bank's action for failure to produce a power of attorney establishing that HomEq had the authority to execute the assignments of mortgage, the court necessarily weighed the evidence and acted outside of its authority. *See Deutsche Bank Nat'l Tr. Co. v. Kummer*, 195 So. 3d 1173, 1175 (Fla. 2d DCA 2016).

Accordingly, we reverse the trial court's order of dismissal and remand for further proceedings.

*Reversed and remanded.*

LEVINE, C.J., and KUNTZ, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***