NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN W. HOPSON,                          )
                                         )
          Appellant,                     )
                                         )
v.                                       )          Case No. 2D18-673
                                         )
DEUTSCHE BANK NATIONAL                   )
TRUST COMPANY, as Indenture              )
Trustee for New Century Home             )
Equity Loan Trust 2005-2,                )
                                         )
          Appellee.                      )
_____  )

Opinion filed August 28, 2019.

Appeal from the Circuit Court for
Pinellas County; John A. Schaefer,
Judge.

Robert E. Biasotti of Biasotti Law,
St. Petersburg, for Appellant.

Morgan L. Weinstein of Van Ness Law
Firm, Deerfield Beach, for Appellee.


ATKINSON, Judge.

          John W. Hopson appeals the trial court's order denying him attorney's fees

pursuant to section 57.105(7), Florida Statutes (2018), in the foreclosure action brought

against him by Deutsche Bank National Trust Company, as Indenture Trustee for New

Century Home Equity Loan Trust 2005-2 (Deutsche Bank).  Because Hopson could not establish that Deutsche Bank was a party to the contract that contained the attorney's fees provision, we affirm.

On March 14, 2005, Hopson executed and delivered to Mortgage Approval Services, Inc. (MAS), the original lender, a note and mortgage, in the principal amount of $175,000.  Hopson defaulted on the note and mortgage by failing to make the payment due on September 1, 2006, and all payments thereafter.  Deutsche Bank filed a foreclosure action against Hopson to foreclose the mortgage and for reestablishment of the lost note and mortgage, which Deutsche Bank alleged had been lost or destroyed after its acquisition of the note and mortgage.  Attached to the complaint were copies of the mortgage and note, which contained no endorsements or alonges.  Deutsche Bank alleged that MAS assigned the note and mortgage to Deutsche Bank in an Assignment of Mortgage (Assignment) dated January 1, 2007.  A copy of the Assignment was attached to the complaint.  The Assignment was executed by New Century Mortgage Corporation (New Century) as attorney-in-fact for MAS.

In its third amended complaint, Deutsche Bank alleged that it "took assignment by a Mortgage Loan Purchase Agreement series 2005-2 dated as of April 22, 2005" and included the following attachments:  a copy of a Mortgage Loan Purchase Agreement and a limited power of attorney between Deutsche Bank and Carrington Mortgage Services, LLC (Carrington), as successor servicer to New Century.  Hopson filed a motion to dismiss, alleging that Deutsche Bank lacked standing because the record was clear from Deutsche Bank's "allegations and from the exhibits attached to the complaint that a person other than [Deutsche Bank] may be the true owner of the

claim sued upon and that [Deutsche Bank] is not the real party in interest and is not shown to be authorized to maintain this foreclosure action." Hopson specifically contested the validity of the Assignment. The trial court denied Hopson's motion.

At the ensuing bench trial, Deutsche Bank's sole witness was a default litigation and mediation supervisor for Carrington, who testified that Carrington purchased New Century after New Century went into bankruptcy. Various documents were admitted through that testimony, including the following: a limited power of attorney, in which Deutsche Bank appointed Carrington as successor servicer to New Century; the note made payable to MAS without any indorsements or allonges; a copy of the mortgage issued from Hopson to MAS; and a copy of the Assignment dated January 1, 2007, assigning the note and mortgage from New Century as attorney-in-fact for MAS to Deutsche Bank.

Hopson moved for an involuntary dismissal, arguing that Deutsche Bank failed to prove standing at inception and at trial. Relying on Bonafide Properties, LLC v. E-Trade Bank, 208 So. 3d 1279 (Fla. 5th DCA 2017), counsel for Hopson contended that Deutsche Bank's "assignment [was] insufficient" because there was no evidence that New Century was the attorney-in-fact for MAS: "If there was an endorsement on the lost Note, we'd have a different story. But all you have in order for them to establish their standing is they're relying on a fraudulent assignment of Mortgage."

On June 30, 2017, the trial court entered a final judgment in favor of Hopson:

> 3. [Deutsche Bank] failed to introduce any testimony or
> evidence about New Century['s] . . . ability to assign the note
> and mortgage to [Deutsche Bank] and [MAS'] granting of a
> power of attorney.

4. The Court finds that [Deutsche Bank] failed to prove the elements of standing in this case as [Deutsche Bank] failed to explain the lack of endorsements or alonges on the lost note, and the power of attorney relationship of [New Century] as attorney in fact for [MAS] on the assignment of mortgage, pursuant to Bonafide Properties, LLC v. E-Trade Bank, 208 So. 3d 1279, 1281 (Fla. 5th DCA 2017).

The trial court awarded Hopson his reasonable attorney's fees and costs and reserved jurisdiction to determine the amount.

Deutsche Bank then filed a motion for rehearing regarding Hopson's entitlement to attorney's fees, arguing that Hopson was not entitled to fees on the basis of a contract that he claimed never existed between him and Deutsche Bank. The trial court granted Deutsche Bank's motion and held that Hopson, "who prevailed at trial on the argument that [Deutsche Bank] lacked standing upon the contract at issue, cannot recover fees based on a provision in that same contract."

A trial court's order on attorney's fees is reviewed for an abuse of discretion, while a trial court's interpretation of law is reviewed de novo. Santini v. Cleveland Clinic Fla., 65 So. 3d 22, 29 (Fla. 4th DCA 2011). On appeal, Hopson argues that the trial court erred in failing to award him prevailing party attorney's fees under section 57.105(7), which provides the following:

If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

To be entitled to attorney's fees under section 57.105(7), the movant has the burden of proving the following: "(1) the contract provides for prevailing party fees; (2) both the

- 4 -

movant and opponent are parties to that contract; and (3) the movant prevailed." Madl v. Wells Fargo Bank, N.A., 244 So. 3d 1134, 1138 (Fla. 5th DCA 2017) (citing Nationstar Mortg. LLC v. Glass, 219 So. 3d 896, 898 (Fla. 4th DCA 2017)). Here, it is undisputed that the mortgage contract contains a provision for prevailing party fees and that Hopson prevailed at trial. The parties dispute whether they were both parties to the contract.

Hopson maintained throughout trial that the assignment of the mortgage was invalid, successfully arguing that Deutsche Bank failed to establish that New Century was the attorney-in-fact for MAS in order to prove that the Assignment occurred—an argument that proved fatal to Deutsche Bank's right to foreclose. This same argument was fatal to Hopson's attempt to establish that he was entitled to attorney's fees pursuant to a provision in that mortgage. Hopson prevailed on the basis that Deutsche Bank never became a party to the mortgage by virtue of the assignment, foreclosing his argument that Deutsche Bank was a party to "a contract contain[ing] a provision allowing attorneys' fees to a party when he or she is required to take any action to enforce the contract." See § 57.105(7).

Other courts have concluded that a foreclosure defendant cannot establish entitlement to fees based on section 57.105(7) if it successfully defended against foreclosure based on a theory that the plaintiff lacked standing. See, e.g., Deutsche Bank Tr. Co. Ams. v. Page, 44 Fla. L. Weekly D1479 (Fla. 4th DCA June 12, 2019) (en banc) ("NO STANDING = NO ATTORNEY'S FEES"); Glass, 219 So. 3d at 899 ("A party that prevails on its argument that dismissal is required because the plaintiff lacked standing to sue upon the contract cannot recover fees based upon a

provision in that same contract."); Bank of N.Y. Mellon Tr. Co., N.A. v. Fitzgerald, 215 So. 3d 116, 121 (Fla. 3d DCA 2017) ("Because [the plaintiff] successfully obtained a judgment below that the Bank lacked standing to enforce the mortgage and note against her, we find that no contract existed between the Bank and [the plaintiff] that would allow [the plaintiff] to invoke the mutuality provisions of section 57.105(7)."); cf. HFC Collection Ctr., Inc. v. Alexander, 190 So. 3d 1114, 1117 (Fla. 5th DCA 2016) ("[The plaintiff] cannot employ section 57.105(7) as a basis for an attorney's fees award after she proved that HFC never became a party to the contract.").

In Harris v. Bank of New York Mellon, 44 Fla. L. Weekly D141 (Fla. 2d DCA Dec. 28, 2018)—asserted as supplemental authority by Hopson—this court certified conflict with two of those decisions "to the extent that" they "hold that a party's failure to establish standing in a mortgage foreclosure case necessarily means that no contract existed between the parties." Id. at D143. We would be bound to follow Harris if that decision controlled the outcome of this case, but it does not. The rationale underlying the conclusion in Harris that the plaintiff was entitled to fees under 57.105(7) is inapplicable to the circumstances of this case because Harris's theory of defense differed significantly from Hopson's.

As in this case, the plaintiff in Harris alleged that it became a party to a mortgage by virtue of an assignment. Id. at D142. However, unlike this case, the defendant in Harris did not impugn the validity of that assignment. Id. at D143. Instead, admitting the existence of the contractual relationship formed by the assignment, the defendant prevailed on a theory that the plaintiff had subsequently lost its holder status when, prior to filing the foreclosure suit, it relinquished physical possession of the

promissory note to a third party with whom it failed to prove an agency relationship.[1]  Id. at D142–43.  The defendant in Harris filed a motion for attorney's fees pursuant to the fee provision in the mortgage and section 57.105(7), the trial court's denial of which was reversed by this court.  Id. at D143.

Unlike the defendant in Harris, who "admitted the contractual relationship," id., Hopson successfully argued that Deutsche Bank had failed to establish a contractual relationship with Hopson because the Assignment was invalid.  In Harris, the borrower's theory of defense allowed him to admit that the plaintiff was a party to the note and mortgage.  The borrower could concede that the plaintiff was at one time the holder of the note and was a party to the mortgage that contained the attorney's fees provision but could still argue that prior to the filing of the foreclosure complaint a different entity took possession of the note, leading the trial court to conclude that the plaintiff lacked standing at the time of inception.

The circumstances that led this court in Harris to conclude that the defendant could enforce the fees provision in a mortgage that the plaintiff lacked standing to foreclose are not present in this case.  Here, Hopson impugned the validity of the assignment that would have made Deutsche Bank a party to the mortgage in the

---

[1]In Harris, the plaintiff alleged that it was the holder of the note it sought to foreclose and attached to its complaint a copy of the mortgage and the note bearing a blank indorsement, which were later admitted into evidence.  Id. at D142.  However, the plaintiff's servicer testified that it, not the plaintiff, was in physical possession of the original note at the time the foreclosure complaint was filed.  Id.  The borrower moved for an involuntary dismissal, contending "that the [plaintiff] did not prove that it was the holder of the note at inception because [the servicer] possessed the note and there was no evidence of an agency relationship between the [plaintiff] and [the servicer]."  Id.  Concluding that the plaintiff failed to prove its standing at inception, the trial court entered a final judgment in favor of the borrower.  Id.

first place, foreclosing the argument that he was in privity of contract with Deutsche Bank for the purpose of attorney's fees entitlement.

Because Hopson could not establish that Deutsche Bank was a party to the mortgage containing the fees provision on which Hopson relied, we affirm the trial court's order denying Hopson attorney's fees pursuant to section 57.105(7).

Affirmed.

SILBERMAN and LUCAS, JJ., Concur.